## John Ross and Job Ross, plaintiffs in error *v.* George Reddick, defendant in error.

### *Error to Peoria.*

Statutes defining the boundaries of counties, are public acts, and courts are bound judicially to take notice of them.

In an action of trespass *quare clausum fregit,* proof that the trespass was committed upon the premises described in the declaration, by the number of the section, township, and range (the said premises being in the proper county), is sufficient without evidence that the premises are situated in the county where the action is brought.

The official certificate of the Register of a Land Office, to any fact on record in his office, is competent evidence of such fact.

If one of several pleas be not answered, and the parties go to trial without any objection on the part of the defendant, the irregularity is waived.

THIS cause was tried before the Hon. Richard M. Young and a jury, at the September term, 1832, of the Peoria Circuit Court.

On the trial in the Court below, the following certificate was admitted as evidence on the part of the plaintiff, though objected to by the defendants, and its admission is one of the errors assigned:

"LAND OFFICE, QUINCY, ILLINOIS, Aug. 2d, 1832.

I do certify that George Reddick, of Peoria county, Illinois, did on this day, in this office, prove a right of pre-emption to the East half of the S. W. Qr. Sec. 27, T. 10, N., R. 8 E. 4

G

principal meridian, under the provisions of the act of Congress
of the 5th of April, 1832.

SAML. ALEXANDER, *Register."*

Judgment was rendered for the plaintiff in the Court below,
for $8,81¼ and costs.

M. McCONNELL, for the plaintiffs in error, cited Stat. 1827,
199 ;(1) Stat. 1825, 85 ; Laws of U. S. 1373, §3.

L. BIGELOW, for the defendant in error, cited acts 1825, 85 ;
1 Blac. Com. 85, 86 ; 1 Stark. Ev. 162–3 ; 1 Chit. Plead. 159,
163, 197, 201, 360, 438, 440 ; Bac. Abr. *Evidence,* F., *Statute*
L. ; Commonwealth *v.* Inh. Springfield, 7 Mass. 9 ; Portsmouth
Livery Co. *v.* Watson *et al.,* 10 Mass. 91 ; Acts 1827, 199 ;
Cutts *et al. v.* Spring *et al.,* 15 Mass. 135 ; 3 Stark. Ev. 1436
*et seq.;* Brazzle *et al. v.* Usher, Breese 14 ; Clap·*v.* Draper, 4
Mass. 266 ; Rehoboth *v.* Hunt, 1 Pick. 224.

BROWNE, Justice, delivered the opinion of the Court :
This was an action of *trespass quare clausum fregit,* brought
by the defendant in error against the plaintiffs in error, before
the Circuit Court of Peoria county.   The land that the trespass
was committed on, is described in the declaration by the number
of the section, township, and range.   On the trial in the Court
below, the plaintiff proved that the trespasses complained of,
were committed on the tract of land described in the declara-
tion, but introduced no evidence to show that the land was situ-
ated in the county of Peoria.   The county of Peoria was formed
by an act of the legislature, passed January 13th, 1825.(2)

In that act, the limits of Peoria county are formed and
described by reference to the lines of the public surveys.   The
statute defining the boundary of the county, is a public one, and
the Courts are bound judicially to notice it.

The official certificate of the Register of a Land Office, to any
fact on record in his office, is competent evidence of such fact,
and is made so by the act of 1827.(3)

The certificate of the Register of the Land Office went to show
the right of pre-emption in the plaintiff to the land in question.
It appears that issue was joined upon two of the pleas filed by
the defendants, but the other plea was not joined.   If several
pleas be pleaded, one of which is not answered,—and particu-
larly where the matter may be given in evidence under the
general issue,—and the parties go to trial without any objection
on the part of the defendant, that such plea remains unanswered,
it will be considered as waived, or the irregularity will be cured
by the verdict of the jury.   The Court is therefore of opinion

(1) R. L. 280; Gale's *Stat.* 287.          (2) Acts of 1825, 85, 86.
(3) Acts of 1827, 199 ; R. L. 280 ; Gale's Stat. 287.

that the judgment of the Circuit Court of Peoria county be affirmed with costs.

*Judgment affirmed.*