# Money *v.* Turnipseed.

*Petition to set aside Sale of Decedent's Lands under Order of Probate Court.*

1. *Judicial notice of government surveys of public lands.* — The courts will take judicial notice of the government surveys of the public lands in this State, and know that lands lying in " township seven, range twenty-nine," can only be found in Henry county.

2. *Sale of decedent's lands for payment of debts ; description of lands in petition.* — In proceedings before the probate court for the sale of a decedent's lands for the payment of debts, if the lands are so described in the petition that the court, aided by its judicial knowledge of the surveys of the public lands, must know that they are situated in the county, this is sufficient to support the jurisdiction of the court.

[Money v. Turnipseed.]

APPEAL from the Probate Court of Henry.

JAS. G. COWAN and J. W. OATES, for the appellant.

W. C. OATES, *contra.*

PETERS, C. J. — This is an application to set aside a sale of lands, made by order of the probate court of Henry county for the payment of debts, on the ground that the order of sale and the sale are both void. The application was refused by the court below, and the applicants appeal to this court, and here assign as error the refusal of the probate court to grant the prayer of their petition. The only grounds of inaccuracy in the proceedings of the court, in making the order of sale sought to be set aside, is that the lands are not described in the petition as being situated in this State, and in said county of Henry. The venue laid in the petition is, "The State of Alabama, Henry County;" and the lands are thus described: "The E. ½ of N. E. ¼, sect. 21; S. E. ¼ of S. W. ¼, sect. 16; W. ½ of N. W. ¼, and N. W. ¼ of S. W. ¼, sect. 22, T. 7, R. 29." This is all the description given in the petition, and it is very negligently made; and the question is, whether this description shows that these lands are in said county of Henry.

In the case of *Long* v. *Pace* (42 Ala. 495), it is properly said, that this court will take judicial notice of the public surveys of the lands in this State. It is known, then, that such lands as those above described do lie and are situated in said county of Henry; and if it had been added, that they lay in *range twenty-nine east*, it would be clear that this is the only county in which such lands could be found; because it is known that these lands are surveyed from the meridian of St. Stephens, and that there is no such range as that above described, except the one east from St. Stephens. It is known, also, that township seven, in range twenty-nine, is found in said county of Henry, and nowhere else in this State. The situation of the lands is, therefore, sufficiently fixed to make it certain. This is sufficient to support the jurisdiction of the court. *King* v. *Kent*, 29 Ala. 543; *Smitha* v. *Flournoy*, at January term, 1872.

The other objections to the proceedings in the probate court, on the application for the sale, do not seem to be sustained by the record.

The judgment of the probate court is affirmed.