JOSEPH BACON *vs*. BROTHERHOOD OF RAILROAD BRAKEMEN.

June 8, 1891.

**Mutual Benefit Insurance—Lodge Named as Beneficiary.**—Plaintiff's son became a member of one of the subordinate lodges of defendant association, thereby becoming entitled to and receiving from defendant its certificate or policy of insurance, in which he designated his lodge as a beneficiary, in case of his decease. The lodge as well as defendant were unincorporated voluntary associations, for the mutual aid, benefit, and insurance of their members. *Held;* upon the death of the assured son, that the father could not be permitted to question the legal existence of the lodge, or its capacity to take as such beneficiary.

Appeal by defendant from a judgment (of $1,024.17) of the district court for Crow Wing county, where the action was tried before *Holland, J.,* and a jury.

*W. S. McClenahan* and *Williams, Lawrence & Bancroft,* for appellant.

*M. J. Daugherty* and *Wetherby, True & Warner,* for respondent.

COLLINS, J.   The defendant brotherhood, a voluntary association, organized and maintained for the mutual aid, benefit, and insurance of its members, issued to plaintiff's son, Pliny, naming him as William Lowery, which name he had assumed, *its* certificate or policy, of date March 26, 1888, by the terms of which it agreed and promised to pay such amount of insurance as might at the time of his death be justly due and owing, *according to the provisions of its constitution,*—admittedly $1,000 in this instance,—as well as a like sum in case of his disability.   The assured died on the 10th of March, 1889.   In the certificate or policy was a somewhat obscure paragraph relating to payment, as follows: "The said sum or sums to be paid as stipulated therein to and for the sole use of such person or persons to whom this policy shall be made assignable by said assured, and if such person or persons shall, at the death of such assured, be not living, then to the nearest heir or heirs."   There was no other provision in the instrument, which seems to have been in the regular form used by the brotherhood, in reference to the person to whom the amount was payable in case of the decease of the assured. This certificate or policy was indorsed upon the back:

"Policy of William Lowery.   Residence, Galveston, Texas.   Age, 37.   Payable to Bayou City Lodge No. 145.   Relationship, Member.   Residence, Houston.

"I hereby direct the payment of the within policy to the abovenamed person.   WILLIAM LOWERY,

"Signature of Assured."

That part of the indorsement which directed the payment of the amount of the policy seems to have been printed, but no question was properly made upon the trial as to the genuineness of the signature appended to the same.   It must be assumed, and there seems

to be no real controversy over it, that the deceased in his lifetime designated the Bayou City Lodge, of which he was a member, as his beneficiary, and made the amount of his policy payable to it, in the event of his decease. It is not for us to inquire into his reasons for so doing, and, so far as we are advised, there was nothing in the articles of association of defendant brotherhood, or in its by-laws, or in the statutes of the state wherein the policy was issued, which restricted the assured in his selection. Upon proper proofs of the death, defendant paid the amount due, less the sum which had been incurred and paid for a burial casket, etc., to the Bayou City Lodge. The plaintiff, father, claims that such payment was improper, and has not absolved the association from payment to him as the heir of the deceased; and this action was brought to enforce collection of the amount of the policy.

The position taken by plaintiff's counsel is, in brief, that the lodge had no legal existence, no capacity to take from the association, and therefore could not have been legally designated by the assured as his beneficiary. From the testimony it appears that the members of local associations known as "lodges," the Bayou City Lodge being one, composed the insurer brotherhood association. These lodges were subordinate to the association, and answerable to it in many matters. Assessments for the payment of amounts due upon policies were made by the proper officers of the association, or "grand lodge," as it was sometimes called, and notice thereof forwarded to an officer of each of the subordinate lodges, known as the "financier," who thereupon proceeded to collect from the individual members, and to remit to the secretary of the brotherhood. The subordinate lodges also had representation at the meetings of the association, and in this way a voice in the general management of its affairs. To this extent the lodges were a part of the association defendant. In other matters they acted without reference to it or to each other, except in so far as was necessary because all subordinate lodges were organized under the provisions and governed by a common charter. While it was true that they were created for the purpose of promoting the scheme of mutual aid, benefit, and insurance, they were distinct bodies, acting independently of the

general association or brotherhood and of each other, except as above stated. We see no good reason why the lodge in question, whether declared a simple association of individuals or a corporation *de facto*, could not be designated by the assured as his beneficiary. He had become a member of a subordinate lodge, organized and conducted for the benefit of those who joined it. As such member he had received a certificate or policy of insurance, of no value except when countersigned, as it had been, by its officers; he had accepted and participated in benefits conferred upon those only who held a membership, and by reason of such membership; and, when called upon to designate a party to whom the amount of his policy should be paid in case of his death, had named the lodge. The assured, under such circumstances, could not have questioned the capacity of such body to take under his designation, and it follows that one who claims under him cannot.

Judgment reversed.