JOHANNA FINCH v. GRAND GROVE OF UNITED ANCIENT ORDER OF DRUIDS.[1]

February 15, 1895.

No. 9225.

**Findings Sustained.**

Evidence considered, and *held* to sustain the findings of the trial court.

**Mutual Benefit Insurance—Change of Beneficiary.**

A by-law of the respondent, which provided, on the death of a member, for the payment of an insurance benefit—First, to his widow; second, to his children; third, to his parents; fourth, to his brothers and sisters; and, fifth, to his subordinate grove,—construed. *Held*, that the right of the member to change the order of such beneficiaries, and thereby designate any one of them as the one to receive the benefit, was absolute, and that his widow had no vested right to the benefit. *Held*, that such subordinate grove, although it was an unincorporated voluntary association, might legally be designated such beneficiary, and receive payment of the benefit, on proper evidence, to the satisfaction and approval of the officers named in the by-law, that the member had designated it as his beneficiary.

From a judgment of the district court for Ramsey county in favor of defendant, entered pursuant to findings of Otis, J., plaintiff appealed. Affirmed.

*Schoonmaker, Fleming & Hintermeister*, for appellant.

*John H. Ives*, for respondent.

---

[1] Reported in 62 N. W. 384.

START, C. J.   The defendant, during the times herein stated, was and is a corporation, having jurisdiction and control of many subordinate unincorporated voluntary associations, designated as "groves," of which the North Star Grove No. 4 of Minnesota, United Ancient Order of Druids, is one.   On and prior to September 1, 1890, Eugene Finch, then the husband of the plaintiff, was a member of grove No. 4, which was his subordinate grove, and of the defendant corporation, in good standing, and so continued to be until his death on October 8, 1890.   On July 10, 1890, the defendant organized, and ever since September 1, 1890, has collected from its members, and disbursed to the beneficiaries of its deceased members, a fund known as the "Widows' and Orphans' Fund."   Every member is required to contribute to this fund, and from it, at his death, his beneficiary is entitled to receive a sum equal to one dollar for each member of the order, not to exceed the sum of $2,000 (in this case admitted to be $800), according to the regulations and by-laws of the order.   The following is the only portion of such by-laws here material:

"Sec. 5. On the death of a member in good standing, the benefit shall, first, go to the widow; second, to his children; third, to his parents; fourth, to his brothers and sisters; fifth, to his subordinate grove.   Members are prohibited from making a will in regard to this benefit, as it shall be wholly ignored; but a member may, if he deem proper, change the order of the above-mentioned parties, and on proper evidence thereof, to the satisfaction and approval of the N. G. A. and finance committee, the benefit will be paid to the parties so specially designated as beneficiaries, reserving the right at all times to see that it is not improperly diverted from the parties who should receive the same, and to secure the same to the benefit of such proper parties.   All questions arising under this section shall be settled by the N. G. A. and the finance committee, whose decision shall be final."

The trial court found that Eugene Finch was entitled to the benefits of this widows' and orphans' fund; that the defendant, at his request that his subordinate grove should be named as his beneficiary, and that a certificate in the usual form, stating such fact, should be issued to him, did, in accordance with its custom and practice, issue and deliver to him a certificate of membership, signed

by its noble grand arch and grand secretary, respectively, wherein it was stated that, in case of his death, the benefits resulting from his membership should be paid to North Star Grove No. 4. The court further found that the certificate was not issued to Eugene Finch, with the knowledge or approval or by the direction of the N. G. A. and the finance committee, or either of them, save that it was issued in accordance with the custom and practice of the defendant in such cases. Thereafter, and until the death of Eugene Finch, his beneficiary named in the certificate paid, with his knowledge, all of his dues, in order to keep him in good standing as a member, and after his death made due proof thereof to the satisfaction of the defendant, and submitted proper evidence to the satisfaction of the noble grand arch and finance committee of the defendant that he had deemed it proper to change, and had changed, the order of payment of beneficiaries, in its favor. Thereupon the defendant paid the benefits to such beneficiary, grove No. 4. The plaintiff is the widow of Eugene Finch, and brought this action to recover from the defendant the amount of such benefits. The defendant had judgment in its favor on the merits, from which the plaintiff appealed.

If the trial court's construction of the defendant's by-law was correct, then its rulings upon the admission of evidence excepted to by the appellant, and assigned as error, were also correct; for if the by-law imposes no limitations upon the right of a member to change the order of the beneficiaries therein named, and prescribes no method to be followed in making such change, it was competent to show that it was done in accordance with the custom and practice of the defendant in such cases. The evidence supports the findings of the court as to such custom and practice of the defendant. The appellant's motion for amended findings, if it had been made in time, and was justified by the evidence, was properly denied; for the proposed finding was immaterial, in view of the construction given to the by-law.

The appellant's other assignments of error present two questions for decision: (1) Could North Star Grove No. 4 be legally designated and take by that name as a beneficiary? (2) If so, was it properly designated such beneficiary?

1. It is claimed by appellant that because grove No. 4 was not incorporated it was without legal capacity to take as beneficiary. It was, however, a voluntary association for the insurance and united benefit of its members, and one of the subordinate groves of which the defendant had jurisdiction.  The defendant by its by-laws expressly recognizes the right of a member to make his subordinate grove his beneficiary, and contracts with him that he may do so.  It is exceedingly difficult to define, with strict accuracy, the legal status of unincorporated voluntary associations for the mutual benefit of their members, for the authorities are not agreed upon the question.  It is unnecessary to discuss or decide the question, because, in view of the facts of this case, it is clear that the subordinate grove in question could legally be designated the beneficiary of the assured; and, further, that the appellant is not in a position to question its capacity to take, as such beneficiary, a money benefit from the defendant.  Bacon v. Brotherhood of Railroad Brakemen, 46 Minn. 303, 48 N. W. 1127.

2. Was it legally designated as such beneficiary?  It is true, as claimed by appellant, that the constitution and by-laws of the defendant stand in place of a policy, and constitute the contract which determines the mutual rights and obligations of the parties, and that it was not necessary that any certificate of membership should have been issued.  Mills v. Rebstock, 29 Minn. 380, 13 N. W. 162. It is also true that, under the provisions of section 5 of such by-laws, Eugene Finch was fully insured in the defendant order, and that appellant, as his widow, is entitled to the benefit, unless he changed the order of his beneficiaries, in accordance with the provisions of such by-law, or the usual practice of the defendant in such cases, if it is true that such by-law does not prescribe how such change must be made.  Although the appellant stood first in the order of beneficiaries, by virtue of the provisions of the by-law, yet she had no vested right to remain first, because it was expressly provided therein that the assured might change the order in which the benefit should be paid.  Richmond v. Johnson, 28 Minn. 447, 10 N. W. 596; Hall v. Merrill, 47 Minn. 260, 49 N. W. 980.  The answer to the question, whether or not there was a legal change made in the order of his beneficiaries by the assured, whereby the appellant was dis-

placed, depends upon the construction to be given to section 5 of the by-laws. If there is any ambiguity in their terms, that construction is to be given to them which is most favorable to the rights of the assured. So construing the by-law, we are of the opinion that the right of the assured to change the order of the beneficiaries therein named, and thereby designate any one of the five permissible beneficiaries as the one to receive the benefit, is absolute. The propriety or justice of making such change is left to his own judgment and conscience. It is not necesssary that the noble grand arch and the finance committee should be satisfied with and approve of his designation of a beneficiary. It is the evidence that he has changed the order of his beneficiaries which must be satisfactory to and approved by them, before the benefit will be paid to the party specially designated as his beneficiary. Manifestly the word "thereof" in the by-law refers to the fact of a change in the order of the beneficiaries, and that the paragraph in which it occurs must be construed as if it read: "A member may, if he deem proper, change the order of the above-mentioned parties, and the benefit will be paid to the parties so specially designated as beneficiaries, on proper evidence of such change to the satisfaction and approval of the N. G. A. and finance committee." The fact that such officers were satisfied with and approved of the evidence that Eugene Finch had changed the order of his beneficiaries in favor of his subordinate grove, before the benefit was paid to it, is fully sustained by the evidence. The by-laws of the defendant do not provide for the manner in which the designation of a change of beneficiaries must be made, or what shall be sufficient evidence thereof. The defendant was therefore at liberty to adopt the method followed in this case, of issuing to the assured a certificate of membership naming therein the beneficiary designated by him. The acceptance of such certificate by the assured was sufficient evidence that he had changed the order of his beneficiaries.

Judgment affirmed.