## PHŒBE C. HARRIS vs. CITY OF QUINCY.

Norfolk.    May 28, 1898. — June 23, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Personal Injuries — Exclusion of Photographs as Evidence — State Valuation of Defendant City — Burden of Proof — Instructions.*

No exception lies to the exclusion of photographs as evidence, if, so far as appears, their rejection was on the ground that the party offering them failed to make out the preliminary matters of fact necessary to make them admissible.

In an action for personal injuries occasioned to the plaintiff by reason of an alleged defect in a highway in the defendant city, it is not injured by a refusal to rule that the plaintiff has not made out his case because he has offered no evidence of the State valuation of the defendant, as referred to in Pub. Sts. c. 52, § 20, and to a statement that it was fair for the jury to assume in the absence of evidence that one fifth of one per cent of the valuation would amount to more than four thousand dollars. Apart from the burden of proving a valuation which would cut down its liability below four thousand dollars, which burden was upon the defendant, the court had a right to take notice of St. 1895, c. 90, which established the valuation in question and showed that the statement to the jury was correct.

TORT, for personal injuries occasioned to the plaintiff by reason of an alleged defect in a highway in the defendant city. At the trial in the Superior Court, before *Bond*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*J. W. McAnarney*, for the defendant.

*L. G. Blair*, for the plaintiff.

HOLMES, J.    This is an action of tort for personal injuries caused by slipping upon rough ice on the sidewalk of a public highway.    The plaintiff had a verdict, and the case is here on two exceptions.    The first is to the exclusion of photographs, which the defendant offered to show were taken immediately after the accident and truthfully represented the appearance of the sidewalk, except that the photographs were taken by sunlight and the accident happened in the evening when the electric light was shining.    From this last qualification we infer that the photographs were not taken before the morning after the accident.    The street was a well travelled street.    We can-

not say that the ruling was not based on the failure of the defendant to make out some preliminary matter of fact to the judge's satisfaction. If, for instance, the photographs were rejected on the ground that it appeared from inspection that they did not represent the slipperiness or the roughness of the ice or the quantity of it in such a way as to be instructive, we could not revise the finding of the judge. *Commonwealth* v. *Bishop*, 165 Mass. 148, 152. See *Hollenbeck* v. *Rowley*, 8 Allen, 473 ; *Verran* v. *Baird*, 150 Mass. 141 ; *Gilbert* v. *West End Street Railway*, 160 Mass. 403, 405. It is not disclosed with certainty what the ground of rejection was, and, as there were grounds which perhaps might have justified it, we cannot say that it was wrong.

It is provided by Pub. Sts. c. 52, § 20, that in actions like this no person shall recover more than one fifth of one per cent of the State valuation of the city, nor a greater sum than four thousand dollars. The second exception is to a refusal to rule that the plaintiff had not made out her case, because she had offered no evidence of the valuation of the city of Quincy, and to a statement that it was fair for the jury to assume in the absence of evidence that one fifth of one per cent of the valuation would amount to more than four thousand dollars. We are of opinion that the refusal was right, and the statement warranted under the circumstances. The burden of proving a valuation which would cut down its liability below four thousand dollars was upon the defendant, as is shown, if material, by the separation of the section limiting liability from the section imposing it. *Commonwealth* v. *Hart*, 11 Cush. 130, 134. *Commonwealth* v. *Fitchburg Railroad*, 10 Allen, 189, 190. But apart from the burden of proof, the court had a right to take notice of St. 1895, c. 90, which established the valuation in question, and showed that the statement to the jury was correct. See *Commonwealth* v. *Springfield*, 7 Mass. 9 ; *State* v. *Jackson*, 39 Maine, 291, 295 ; *Winooski* v. *Gokey*, 49 Vt. 282, 285 ; *State* v. *Chambers*, 93 N. C. 600, 602 ; *Fauntleroy* v. *Hannibal*, 1 Dillon, 118 ; *Ross* v. *Reddick*, 2 Ill. 73 ; *Money* v. *Turnipseed*, 50 Ala. 499. Finally, as the statute referred to is not only the evidence but the source of the valuation in question, an inspection of it shows that the failure to put it in could do the plaintiff no harm, inasmuch as put-

ting it in could do the defendant no good. In other words the production of the acts of 1895 to the jury would have been the emptiest form, and the omission of it would not be ground for a new trial.                                    *Exceptions overruled.*