JAMES CAREY v. SWITCHMEN'S UNION OF NORTH AMERICA.[1]

May 4, 1906.

Nos. 14,681—(45).

**Benefit Certificate.**

Action to recover on a certificate made by a fraternal society. Its constitution provided that no action should be maintained, upon any claim disallowed by its proper officers, until after a decision thereon by its next ensuing convention on appeal. *Held,* that the complaint is sufficient as against an objection made in this court for the first time; that the evidence is sufficient to sustain a finding by the jury that plaintiff's claim was disallowed on appeal by the convention before this action was brought, and to sustain the verdict in his favor; and, further, that the trial court did not err in its rulings as to the admission of evidence, nor in its charge or refusal to charge.

Appeal by defendant from an order of the district court for St. Louis county, Dibell, J., denying a motion for judgment notwithstanding the verdict or for a new trial, after a trial and verdict in favor of plaintiff for $1,328.80. Affirmed.

*John A. Keyes,* for appellant.

*John Jenswold, Jr.,* for respondent.

START, C. J.

The defendant is a fraternal organization composed of a grand lodge and a large number of subordinate lodges, of which Zenith Lodge No. 28, Duluth, is one; the plaintiff being a member thereof. On February 1, 1902, the defendant issued to him its certificate of insurance, whereby it agreed to pay the sum of $1,200 to him in case of his total disability; that is, such a disability as permanently disqualified him from performing the duties of a switchman. On December 29, 1902, while in the discharge of his duties as switchman, he received injuries whereby, as he claims, he was permanently disabled from performing his duties as switchman. He made proof of his disability, and, the defendant having failed to pay his claim under his certificate, he com-

[1] Reported in 107 N. W. 129.

menced this action in the district court of the county of St. Louis on October 5, 1904. The cause was tried, and a verdict returned for him for the amount of the certificate. The defendant appealed from an order denying its motion for judgment notwithstanding the verdict, or for a new trial.

The constitution of the defendant provides that claims not allowed by the proper officers may be appealed to the ensuing convention of the defendant by the claimant, and that no action shall ever be commenced upon any beneficiary certificate until after such appeal has been taken and decided. The principal reason here urged by the defendant, in support of its claim for judgment absolute in its favor, is that there is no allegation in the complaint, nor evidence tending to show, that the plaintiff's claim was ever appealed to the convention and decided by it before this action was commenced.

The complaint alleged the making of the certificate by the defendant, which was set out in full, and further alleged that the plaintiff duly made and furnished proofs of his claim, which were received and retained by the defendant, but that it rejected the claim and refused to pay it. The defendant answered, and, with other defenses, alleged the provisions of its constitution as to an appeal to the convention of the order, and the prohibition against the commencement of any action on the claim until after an appeal had been taken and decided, and, further, that no appeal to the convention was ever taken by the plaintiff. The reply admitted this provision of the constitution, denied the allegation that no appeal had been taken, and alleged that his claim was appealed to the convention for approval or rejection, and, further, that the convention indefinitely postponed the claim.

The claim is here made that the complaint does not allege a cause of action, in that it does not allege a compliance with the constitution as to appeals; that this was a condition precedent; that the complaint was not aided in this respect by the allegation of the answer nor by the denial in the reply and the affirmative allegation that an appeal was taken and the claim indefinitely postponed. No objection was made to the plaintiff's pleadings, until a jury was impaneled and the opening statement of the counsel for plaintiff made. The defendant then moved for judgment on the pleadings for the sole reason following:

Mr. Keyes: It seems to me that this rejection was made by the grand officers in the year 1904, and no appeal has been taken, and there is an admission that part of the constitution and by-laws of the defendant requires such appeal to be taken to the convention. Motion denied, to which ruling counsel duly excepts.

It is to be noted that the objection to the complaint here made was not made in the district court, and we are of the opinion that it is sufficient, as against the objection made for the first time in this court. The issue made by the pleadings as to whether or not an appeal was taken and the plaintiff's claim indefinitely postponed by the convention was submitted to the jury, and the verdict necessarily finds the issue in favor of the plaintiff. This brings us to the consideration of the defendant's further claim that the verdict as to this issue is not sustained by the evidence.

The convention of the order is held every two years, and not oftener. The first one held after the plaintiff's injury was at Indianapolis, Indiana, on May 3, 1903. The evidence tends to show that the plaintiff was injured December 29, 1902, while in the discharge of his duties as a switchman; that proofs of his claim for total disability were received by the proper officers of the defendant, but his claim was not allowed; that he did not formally appeal to the ensuing convention, but, pursuant to the practice of the defendant in such cases, it was reported to such convention by the grand secretary and treasurer; that the convention had the claim under consideration, and referred it to the committee on claims and appeals; that the plaintiff understood that his claim was so before the convention; that the committee made its report, recommending that action on the claim be postponed on account of the recent date of injury; that the convention ordered that the recommendation of the committee regarding the claim be referred back to the grand lodge to be approved; and, further, that neither the forms nor the practice on appeals was in any way regulated by any rules of the defendant.

In view of the fact that the convention meets only once in two years, and then at such place as the preceding convention determines, the provision as to appeals must be strictly construed against the defendant

and liberally in favor of claimants, for they are well adapted to delay the enforcement of claims against the defendant until it sees fit to pay them. No formalities were necessary to be observed in getting the plaintiff's claim before the convention on appeal.

If the claim was so before the convention, it was its duty to allow or disallow it, unless it was clearly justified in postponing its further consideration for a reasonable time. Prima facie it would be unreasonable, and in legal effect a decision disallowing the claim, for the convention to postpone the matter for two years; that is, until its next meeting. Any other construction of its constitution would be most unreasonable and oppressive, for each succeeding convention might also postpone a decision.

We hold that the evidence was sufficient to sustain a finding by the jury that the claim was before the convention on appeal, and that its decision was against its allowance, within the meaning of its constitution, and that the plaintiff was entitled to recover the amount of his certificate. If, as the jury found, the convention rejected the claim on appeal, the plaintiff then had the right to commence this action. Nor did he waive this right by his further and subsequent efforts to secure the payment of his claim by submitting to an examination as to his injuries by the defendant's physician, and making no objection to his report.

Errors are assigned as to the rulings of the trial court as to the admission of evidence. We have examined them, and find no prejudicial error therein.

The assignments of error relating to the instructions of the trial court to the jury, and its refusal of the defendant's request, are largely based upon the alleged insufficiency of the evidence and of the complaint. It follows, from what we have said anent the pleadings and the evidence, that the court did not err either in its charge or refusal to charge. Nor did the court abuse its discretion in not granting a new trial for the alleged misconduct of plaintiff's counsel in referring, in his argument to the jury, to an exhibit which had been excluded by the court.

Order affirmed.