## WHALEY et al. v. VIDAL et al.

Contributory negligence of decedent is an affirmative defense, and must be proved by defendant, either by direct or circumstantial evidence, there being no presumption of contributory negligence.

Where, in an action for the death of a person struck by a train at a crossing, there was no evidence that decedent did not stop, look, and listen before attempting to cross the track, the jury must presume that decedent exercised ordinary care.

The damages sustained by infant children by the death of their mother are not limited by statute, and are largely within the discretion of the jury, and under Code Civ. Proc. § 301, subd. 5, authorizing a new trial for excessive damages given under the influence of passion or prejudice, unless the court can clearly see that the verdict is so excessive as to obviously indicate that it was influenced by passion or prejudice, the verdict will not be set aside.

A verdict for $10,500 in favor of three minor children 9, 11, and 13 years old respectively, for the negligent death of their mother is not so excessive as to indicate passion or prejudice and the court may not set it aside.

Whether a new trial should be granted for the misconduct of counsel for the successful party in his argument to the jury, rests in the judicial discretion of the trial court, and its decision will not be disturbed unless it has been abused.

The denial of a motion for new trial on the ground of misconduct of counsel in his argument to the jury, is a finding of fact against the averments in the affidavits in support of the motion.

In an action for negligent death, it is not error to admit in evidence the American Table of Mortality without laying any special foundation for its introduction.

In an action for the death of a person struck by a train at a crossing, photographs taken at points not material to the issue are properly excluded.

The admission or rejection of photographs is largely within the discretion of the trial court.

The rejection of photographs not in the record cannot be reviewed on appeal.

It is not error to refuse requested instructions, in substance embodied in the instructions given, or assuming facts in dispute.

(Opinion filed June 28, 1911.)

Appeal from Circuit Court, Moody County. Hon. Joseph W. Jones, Judge.

Action by Cleworth Whaley and others, infants, by Rufus Whaley, their guardian ad litem, against Felix Vidal and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

*James D. Elliott, George R. Farmer,* and *William G. Porter,* for appellants. *Jordan & Warren* and *A. B. Kittredge,* for respondents.

CORSON, J. This is an appeal by the defendants from a judgment rendered in favor of the plaintiffs. The action was instituted by the plaintiff as guardian ad litem of the three infant children of Marie Whaley, deceased, for their benefit, to recover damages claimed on account of the death of Marie Whaley on the 6th day of February, 1909, caused by a collision with a train of defendant company's with the carriage in which she was riding at a highway crossing, in the city of Flandreau in this state. Marie Whaley, the mother of the said infants, was killed at the same time with her husband, Thomas Whaley, and was riding with him in the same carriage at the time she was killed by defendant's train. The facts connected with the accident are so fully stated

in the opinion of this court in the case of the same plaintiffs, for the death of Thomas Whaley, the father of the infants, against this defendant, 27 S. D. 300, 132 N. W. 242, that we do not deem it necessary to restate them in this opinion.

It is disclosed by the evidence that the collision resulting in the death of Marie Whaley occurred between 10:30 and 11:30 o'clock in the evening; that Marie Whaley was a woman about 51 years of age, in full possession of all her faculties of both hearing and seeing, and had upon her head a small fur cap and what was termed a "fascinator," composed of woolen material. In the former case, this court held that the jury were fully justified in finding from the evidence, that the railroad company, in passing over its road within the limits of the city of Flandreau at a speed in excess of six miles an hour, and its failure to ring the bell or sound the crossing whistle at a point eighty rods easterly of the crossing, was guilty of negligence. As the evidence as to the speed of the train, the ordinance of the city limiting the speed of trains through the city to six miles an hour, and as to the sounding of the whistle and ringing of the bell was practically the same in the case at bar as in that case, the jury were clearly justified in finding in the present case that the defendant was guilty of negligence, as held in the former case.

The important question in this case, therefore, as in the former case, is, Was the evidence such as required the jury to find that the deceased Marie Whaley, was guilty of contributory negligence? There was no evidence, so far as is disclosed by the record, that Marie Whaley had any knowledge of the existence of the railroad track at a point known as the "Mell Davis Crossing" and there was no direct evidence that she failed to look or listen for a train before or at the time her husband drove the team upon the track resulting in the collision and her death.

[1, 2] As stated in our former opinion, it seems to be the settled law that contributory negligence is an affirmative defense in a case where the defendant has been shown to be guilty of negligence and must be proven by the defendant, either by direct evidence, or by proof of circumstances from which only the in-

ference of contributory negligence could be drawn. And where there is a failure of evidence proving or tending to prove the party injured did not stop, look, and listen, the jury are required to presume that the party injured did exercise ordinary care, and was not guilty of contributory negligence.

The evidence upon contributory negligence in the former case, which was substantially the same as the evidence in the case at bar, was so fully considered and discussed in that case that we do not deem it necessary to again review the evidence or the authorities on this appeal, except that no evidence was offered on the part of the defendants proving or tending to prove that Marie Whaley had any knowledge of the existence of the railroad at the Mell Davis crossing, and hence the presumption that she exercised reasonable prudence and care in approaching the crossing was even stronger and more favorable to her than in the former case as applied to Thomas Whaley. After fully considering all the evidence in the case, we are clearly of the opinion that the jury were fully justified in finding that the presumption that Mrs. Whaley did exercise due care and precaution in approaching the crossing, was not over come by the testimony of the defendants.

Appellants further contend that, conceding Mrs. Whaley was free from negligence herself, she is still chargeable with negligence, if any, of her husband, Thomas Whaley; but the question of imputed negligence, when sought to be applied to a case like the case at bar, has never been passed upon by this court, and in the view the court has taken of this case, and the preceding case involving the death of Thomas Whaley, we do not deem it necessary to consider or discuss that question on this appeal. The cases bearing upon this question are exceedingly numerous and conflicting. See note to the cases of Loso v. County of Lancaster, 8 L. R. A. (N. S.) 618, and Cotton v. Willmar & S. F. Ry. Co., 8 L. R. A. (N. S.) 643.

[3] It is further contended by the appellants that the verdict was so excessive as to indicate the jury was under the influence of passion or prejudice, but in our opinion this contention is not tenable. The subject of damages in such cases is largely

within the discretion of the jury and unless the court can clearly see that the verdict is so excessive as to indicate that it was given under the influence of passion or prejudice, it will not be set aside.

In 13 Cyc. 375, the general rule is thus stated: "While the general rule is that the recovery must be confined to strictly pecuniary damages, the jury are not bound by any fixed and precise rules in estimating the amount of damages, save by the statutory limit, where such limit exists, but may give compensation for all injuries, proceeding from whatever source, and their discretion in fixing the amount of damages should not be interfered with by the court, unless it has been palpably abused. The rule has sometimes been thus stated: To justify interference by the court with the verdict of the jury, it must appear that some rule of law has been violated, or else that the verdict is so excessive or grossly inadequate as to indicate partiality, passion, or prejudice in the minds of the jurors." And the learned annotator cites numerous authorities from the different states in support of the above proposition.

In this state, the amount which a party may recover in an action for damages for the death of a person, authorized by our Code, is not limited, and the only authority conferred upon the court to disturb the verdict of the jury determining the amount of damages in any case is found in section 301 of our Code of Civ. Proc., which provides: ."The former verdict or other decision may be vacated and a new trial granted on the application of the party aggrieved, for any of the following causes, materially affecting the substantial rights of such party: * * * 5. Excessive damages, appearing to have been given under the influence of passion or prejudice. * * *"

It will be observed that the power of the court in this state to disturb the verdict of the jury in its assessment of damages is limited to cases where the verdict appears to have been given under the influence of passion or prejudice.

Our section 301 is identically the same as section 657 of the Code of Civ. Proc., of the state of California so far as it applies to the granting of a new trial for "excessive damages, appearing to have been given under the influence of passion or prejudice."

In Redfield v. Oakland Con. St. Ry. Co., 110 Cal. 277, 42 Pac. 822, 1063, the learned Supreme Court of California, adopting an opinion by the commissioners for that state, in an action by the husband and minor children to recover damages for the death of the wife and mother who was killed on the defendant's railroad, and in which damages were claimed to be excessive, the court, in discussing the question, says: "That, as a general rule, such questions can be better determined by a jury than by the court is generally conceded; and our statute has limited the power of the court over the verdicts of juries in such cases. Section 657 of the Code of Civil Procedure provides that the verdict or other decision may be vacated, and a new trial granted, for any of the following causes materially affecting the substantial rights of such party: '5. Excessive damages appearing to have been given under the influence of passion or prejudice.' In Morgan v. Southern Pac. Co., 95 Cal. 501, 508, 30 Pac. 601, this court said: 'The amount of the verdict is certainly quite large—larger than we, if sitting as a jury, would have felt it our duty to give. But that consideration alone is not sufficient to warrant us in disturbing the verdict. There is no absolute rule in such a case; and about all that can be safely said on the subject may be found in the opinion of the court in Aldrich v. Palmer, 24 Cal. 513, and the cases there cited. The general conclusion, as nearly as can be formulated, is as there stated, namely, that a verdict will not be disturbed because excessive, unless the amount of the damages is obviously so disproportionate to the injury proved as to justify the conclusion that the verdict is not the result of the cool and dispassionate discretion of the jury.' We are unable to say, after a careful review of the testimony, that the damages awarded by the jury 'appear to have been given under the influence of passion or prejudice;' and such appears to have been the conclusion of the learned trial judge who denied appellant's motion for a new trial."

This question was very fully considered by this court in the case of Davis v. Holy Terror Min. Co., 20 S. D. 399, 107 N. W. 374, in which a verdict had been rendered in favor of the plaintiff and against the defendant. It was contended in that case that

the verdict was excessive, and the court in discussing the question says: "And when the amount has been so ascertained it must stand, though the court might, as a juror, have awarded a different sum. But the estimate must express the honest judgment of fair-minded men, and if the recovery is so excessive as to clearly indicate that it was given under the influence of passion or prejudice, a new trial should be granted in order that the estimation may be made by a competent tribunal. Rev. Code Civ. Proc. § 301, subd. 5; Murray v. Leonard, 11 S. D. 22, 75 N. W. 272. In the case at bar it must be presumed that the jury was properly instructed as to the measure of damages. It must also be presumed that the jurors were free from passion and prejudice unless there is sufficient difference between the verdict and the amount of recovery warranted by the evidence to compel the conclusion that the action of the jury was influenced by improper motives." And the court concludes as follows: "So, being unable, upon the record before us, to conclude that the amount of the verdict clearly indicates the influence of passion or prejudice, the presumptively honest judgment of the jury must stand."

[4] This court is unable to discover in this case, any evidence of passion or prejudice on the part of the jury in estimating the amount of damages for these three minor children at $10,500 and hence we are not inclined to disturb the verdict of the jury as to the amount of damages awarded to the plaintiffs, in view of the evidence introduced on the part of the plaintiffs.

It is further contended by appellants that they are entitled to a reversal of the judgment for misconduct of counsel for respondents in his address to the jury. It appears from the record in the case that upon objection being taken to the remarks of counsel for the respondents, in his address to the jury he withdrew them, and that the court thereupon instructed the jury to disregard them in their consideration of the case. No ruling was made and no exception taken. The misconduct of counsel was made one of the grounds for the motion for a new trial, and upon affidavits made on the part of the counsel for the appellants and respondents, and the court overruled the motion.

[5] Whether or not a new trial should be granted on the ground of misconduct of counsel in his remarks to the jury rests in the sound judicial discretion of the trial court and the decision of the trial judge thereon will not be disturbed unless it appears that there has been an abuse of such discretion. Jung v. Theodore Hamm Brewing Co., 95 Minn. 367, 104 N. W. 233; Carey v. Switchmen's Union, 98 Minn. 28, 107 N. W. 129; Balder v. Zenith Furance Co., 103 Minn. 345, 114 N. W. 948.

[6] The ruling of the trial court denying the motion for a new trial amounts to a finding of fact against the allegations in the affidavits made in support of the motion. State v. Campbell, 73 Kan. 688, 85 Pac. 784, 9 L. R. A. (N. S.) 533.

In the latter case the larned Supreme Court of Kansas held, as appears by the headnote, that: "Upon a motion for a new trial on the ground of alleged misconduct of the prosecuting attorney in his argument to the jury, affidavits in support thereof were contradicted by the affidavit of the prosecuting attorney, raising an issue of fact as to what was said in the argument. The ruling of the trial court denying the motion for a new trial will be considered as a finding against the facts alleged in the motion."

It is further contended by the appellants that the court erred in admitting the ordinance book of the city of Flandreau containing the ordinance prohibiting railroad trains from passing through the city at a speed in excess of six miles an hour. The admission of this ordinance, however, was fully discussed in our former decision and this court in that case held that the court committed no error in admitting the same, and, as practically the same evidence was admitted in the case at bar, it will not be necessary to further consider or discuss that question.

[7] It is further contended by the appellants that the court erred in admitting in evidence the American Tables of Mortality, but we are of the opinion that the court committed no error in admitting this work. Tenney v. Rapid City, 17 S. D. 283, 96 N. W. 96; City of Lincoln v. Power, 151 U. S. 441, 14 Sup. Ct. 387, 38 L. Ed. 224; Elliott on Evidence, vol. 1, p. 93; Mott v. Railway Co., 120 Mich. 127, 79 N. W. 3. In the latter case the

court says: "Plaintiff was allowed to introduce the mortality tables, which showed the plaintiff's expectancy of life was about 40 years. These tables are only admissible in a case of permanent injury, or where the suit is brought by the representatives of a deceased person." And in the City of Lincoln v. Power, supra, the Supreme Court of the United States says: "Error is assigned to the action of the court in referring to the Carlisle Tables as enabling the jury to find the plaintiff's prospect of life, and the force of the objection is in the allegation that those tables had not been introduced in evidence. There is high authority for the proposition that courts can take judicial notice of the Carlisle Tables, and can use them in estimating the probable length of life, whether they were introduced in evidence or not. * * * But it is not necessary for us, at this time, to consider whether those tables are the subject of judicial notice, because the record fails to show any exception taken at the time; and we have a right to presume that the tables were in evidence, and that the court acted regularly in referring them to the jury as a mode of enabling them to estimate the prospect of duration of the plaintiff's life." We are of the opinion, therefore, that the court committed no error in admitting this work in evidence and that no special foundation is required to be laid for its introduction.

[8, 9, 10] It is further contended by the appellants that the court erred in excluding two of the photographs offered in evidence on the part of the defendant, but we are of the opinion that the court committed no error in excluding these photographs as they were taken at points not material to the controversy in this case, and the admission or rejection of photographs is largely within the discretion of the trial court, and not being in the record cannot properly be reviewed here. Carey v. Hubbardston, 172 Mass. 106, 51 . E. 521; Harris v. Quincy, 171 Mass. 472, 50 N. E. 1042; Stewart v. St. Paul City Ry. Co., 78 Minn. 110, 80 N. W. 855.

[11] It is further contended by the appellants that the court erred in refusing to give the instructions requested on the part of the defendant, but after a careful examination of the instructions, we are of the opinion that the court committed no error in refusing

them for the reason that many of them, which state the law correctly, were given in substance by the court, and that the other instructions refused do not contain correct propositions of law, or assume as facts disputed questions of evidence. The instructions are quite lengthiy, and no useful purpose would be served by reproducing them in this opinion.

There are a number of other assignments of error, but in our opinion they do not possess sufficient merit to require a separate discussion by this court.

The judgment of the circuit court and order denying a new trial are affirmed.