## JOHN FITZGIBBONS v. WILLIAM J. BOWEN AND OTHERS.[1]

### January 11, 1918.

### No. 20,648.

**Mutual benefit association — pension fund — by-laws construed in favor of member.**

    1. Where a mutual organization, devoted to the general welfare of its members, adopts and provides for a disability pension plan in its by-laws, the rule of construction applicable to such by-law, is the same as applied to a contract of insurance, prepared by an insurance company, and a liberal construction will be given in favor of the rights of the member.

**Same — complaint sufficient.**

    2. Complaint considered and *held* to state a cause of action.

**Same — verdict sustained by evidence.**

    3. Evidence supports the verdict.

Action in the district court for Hennepin county against the persons doing business under the name and style, Bricklayers, Masons and Plasterers International Union of America, to recover a disability pension.

[1]Reported in 165 N. W. 1059.

The answer among other matters alleged that the claim of plaintiff on account of injury was presented for allowance pursuant to the laws, rules and regulations of defendant, and after hearing was disallowed by the executive board of the international union, which had authority to hear and determine the claim. The case was tried before Leary, J., who at the opening of the trial denied defendants' motion for judgment on the pleadings and denied their motions for a directed verdict, and a jury which returned a verdict for $582.14. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*Fifield & Finney,* for appellants.

*W. H. McGrath,* for respondent.

QUINN, J.

This is an action to recover a disability pension of $5 per week, under the rules and by-laws of the defendant order. The plaintiff had a verdict in the sum of $582.14, and from an order denying their motion for judgment or for a new trial, the defendants Jones and the Union, the only defendants served, appealed.

The Bricklayers, Masons and Plasterers International Union of America, which will be hereinafter referred to as the defendant, is an unincorporated association for the mutual protection and benefit of all its members. Its powers are executive, legislative and judicial. The government of subordinate unions is vested in one international union. It is the ultimate tribunal to which all matters of general importance are referred. The revenues are derived from monthly pro rata assessments upon the members.

The plaintiff began work as a mason and bricklayer at the age of 12 years, and remained actively engaged in that occupation until he was over 69 years of age, when he was injured, as hereinafter related. He is now 81 years old. He joined the defendant organization as a charter member in 1885, dropped out about a year later, joined again in 1903, and has been a member in good standing ever since. His health had been good and he had worked continuously at his trade. On October 15, 1905, he met with an accident which he claims is the cause of his disability. Immediately after the accident he was taken to a hospital where he was

operated on for a strangulated hernia. He remained there a number of days; then went to his daughter's house where he has since lived. His health has not been as good since the accident and he has done no work since that time. He is compelled to wear a truss, and visits his physician occasionally. He testified that he had not been able to work at his trade since his injury.

In January, 1914, defendant adopted a pension plan which went into effect January 1, 1915. At the same time an assessment of 25 cents per month was levied against all members for the maintenance of a fund to be known as the "Old Age Pension and Disability Fund," under the pension plan, which, among other things, provided:

"Section 1 (A) Any member who has reached the age of sixty (60) years, who has been in continuous good standing for a period of twenty (20) years, and finds it impossible to secure sustaining employment, may receive the sum of $5.00 per week.

"Section 1 (B) Any member having a continuous membership of ten (10) years who, by reason of permanent injury, not contributed to or brought about by his own improper conduct, is totally incapacitated for work, may receive the sum of $5.00 per week."

The pension plan further provided the method of application for a pension; also for its adoption or rejection by the local union, for a review by the executive board, and for appeal to the international union.

November 4, 1914, plaintiff applied for a pension, using the form furnished by defendant. This was filled out for him by another, but not under his direction. In the application it was stated that rupture was the cause of his disability, that the injury occurred at Fourteenth and Central, North East, Minneapolis, while lifting a stone, and that he was permanently disabled. The application was examined by the local union and its allowance recommended under the rules of the order. Upon review by the executive board the same was disallowed, and the disallowance was, upon appeal, affirmed by the international union in January, 1916. Neither the executive board nor the international union stated any reason for their decision.

The several assignments of error may be considered and disposed of under two general heads:

(1) Were the defendants entitled to judgment on the pleadings?

(2) Is the verdict sustained by the evidence?

Whether defendants were entitled to judgment on the pleadings depends upon the construction and effect to be given to subdivision B of section 1, above set forth. The defendant is a mutual organization devoted to the welfare of its members, and it accordingly adopted the disability pension plan above referred to. To enable the order to carry out this plan a pension fund is maintained by monthly assessments of 25 cents upon each of its members. In considering this case and in construing the by-law referred to, which constitutes the contract upon which plaintiff must recover, if at all, the rule of construction applicable to a contract of insurance prepared by an insurance company, is applicable, and a liberal construction will be given to the by-law in order to effect the purposes of a beneficiary order of this kind. Such is the well established rule in this state. Jewell v. Grand Lodge A. O. U. W. 41 Minn. 405, 43 N. W. 88; Finch v. Grand Grove U. A. O. D. 60 Minn. 308, 62 N. W. 384; Carey v. Switchmen's Union of North America, 98 Minn. 28, 107 N. W. 129.

Applying the above rule of construction, we have no difficulty in arriving at the conclusion that subdivision B of section 1 is, in effect, retrospective, and that the plaintiff's case comes under its provisions. "Any member having a continuous membership of ten (10) years who, by reason of permanent injury, * * * is totally incapacitated for work, may receive the sum of $5.00 per week." This subdivision, when read and considered in connection with the manifest intent and purpose for which the defendant was organized, must be construed to provide for all of its members who were then, or might thereafter, become totally incapacitated for work. It speaks in the present tense. To say that an assessment was placed upon all members, those incapable of performing work as well as those capable, and deny those incapacitated from the benefits thereof, would, in our opinion, do violence to the purpose and intent for which the order was organized.

We hold that the complaint states a cause of action and that the defendants were not entitled to judgment upon the pleadings.

It is contended that the verdict is not sustained by the evidence. The plaintiff is an old man, 81 years of age. He began work as a brick-

layer when 12 years old and continued in that occupation until he was nearly 70. No intimation is made that he ever faltered or failed to do his part. He sustained an injury which resulted in strangulated hernia and has had to wear a truss for upwards of 12 years. He has done no work since his injury and says he is unable to work at his trade.

The local members of the order, who were his neighbors and best informed as to his condition, were of the opinion that he was entitled to the pension. The jury, after hearing the testimony, so found. The trial court was satisfied with the verdict and we think it was supported by the evidence.

The order appealed from is affirmed.