DOKKEN, Respondent, v. W. L. HUFFMAN AUTOMOBILE COMPANY, Appellant.

(166 N. W. 1086.)

(File No. 4258.   Opinion filed March 26, 1918.)

1. **Trials—Appeal—Credibility of Witnesses, Verdict as Controlling.**

Where issues of fact involved credibility of witnesses, verdict of jury settled them in plaintiff's favor.

2. **Master and Servant—Term of Employment, Monthly Wages as Determining—Statute—Notice of Change re Employment, Effect.**

The adopted estimation of wages being by the month, it is presumed, in absence of an agreement to the contrary, that the employment was by the month; construing Civ. Code, Sec. 1478; and defendant employer could not, by giving notice on the fifth day of a month, make a change in amount or basis of employee's compensation for that month, without his consent.

Appeal from Municipal Court of the City of Sioux Falls. Hon. ALPHA F. ORR, Judge.

Action by I. H. Dokken, against the W. L. Huffman Automobile Company, to recover plaintiff's salary and commissions for his services as employee of defendant. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Morris & Fitzpatrick,* for Appellant.

*Bailey & Voorhees,* and *P. G. Honegger,* for Respondent.

(2) To point two of the opinion, Appellant cited: Civ. Code, Secs. 1477, 1478, 1479; Crone Miller v. Duluth Superior Milling Company, (Wis.), 114 N. W. 432, 433; Dodson Braun Mfg. Company v. Dicks, (Tex.) 76 S. W. 451.

GATES, J. Plaintiff was employed by defendant on July 1, 1916, as manager of its Sioux Falls branch office. It is conceded by defendant that his salary was to be $100 per month. It is claimed by the plaintiff, but denied by defendant, that in addition to the salary he was to receive a commission of $5 per car upon all cars delivered from the branch office. Defendant also claimed, but plaintiff denied, that the employment was with the understanding that either party might discontinue the agreement at any time on notice to the other party. Plaintiff was notified, on October 5, 1916, that thereafter he would receive compensation solely upon a commission basis. From a judgment for plaintiff for the amount of his October salary and total commissions, less certain agreed deductions, and from an order denying a new trial, defendant appeals.

The above-mentioned issues of fact involved the credibility of the witnesses. The verdict of the jury settled them in plain-

tiff's favor.   Spaulding v. Pitts, 26 S. D. 78, 127 N. W. 610.

The adopted estimation of wages being by the month, it is presumed, in the absence of an agreement to the contrary, that the employment was by the month.   C. C. § 1477.   Therefore defendant could not, by notice given on the 5th day of October make a change in the amount or basis of plaintiff's compensation for that month without plaintiff's consent.   Such notice would only be effective beginning with the first of the following month. Dodson-Braun Mfg. Co. v. Dix (Tex. Civ. App.) 76 S. W. 451. The evidence fails to show such consent by plaintiff.

The judgment and order appealed from are affirmed.