FRANK F. SKRIVANEK v. BROTHERHOOD OF LOCOMOTIVE FIREMEN AND ENGINEMEN.[1]

October 16, 1936.

No. 30,934.

*Pfau & Pfau, C. J. Laurisch,* and *Harold C. Heiss,* for appellant. *Dailey, Mason & Mason,* for respondent.

[1]Reported in 269 N. W. 111.

142

HILTON, JUSTICE.

Appeal from an order denying defendant's alternative motion for judgment notwithstanding the verdict or a new trial.

The defendant organization is a voluntary, nonprofit, unincorporated labor association and fraternal society with several separate and distinct insurance departments among which is a disability benefit department. The plaintiff is a member in good standing of one of the lodges that make up the general organization. Defendant maintains a disability fund toward which members are required to pay dues for the purpose of providing means whereby defendant may make monthly disability payments to those of its members in good standing who should become totally and permanently disabled from causes other than tuberculosis or old age.

As a result of an application therefor, plaintiff was allowed disability payments from June 1, 1932, until July 1, 1933, at which time such payments were discontinued for the reason that defendant's general secretary, after investigation, believed, or so claimed, that plaintiff was not permanently and totally disabled. A short time thereafter plaintiff made another application for disability benefit allowance. It was disallowed by the general secretary. Plaintiff, by letters, made several other demands for payment but with a like result. This action then was brought to compel defendant to make such payments. The result was a verdict for plaintiff.

The general secretary is given authority by the constitution under which defendant is organized to allow or to deny, in the first instance, all claims for disability payments. Members are given the right to appeal from any decision made by him. Further it is provided that no member "shall resort to the civil courts to correct or redress any alleged grievance or wrong" until he shall first have exhausted all remedy by appeal within the organization. It is admitted that plaintiff did not so do. For that reason it is claimed that this action was prematurely brought. No question is here raised as to vested property rights being destroyed through the enactment, by the defendant, of by-laws or amendments to its constitution subsequent to the time plaintiff became a member.

Was appeal to the tribunals within defendant's organization a condition precedent to a resort to the courts? It is clear that it is so provided. Such provisions, when reasonable, are valid and will be enforced in this state. Lindahl v. Supreme Court I. O. F. 100 Minn. 87, 110 N. W. 358, 360, 8 L.R.A.(N.S.) 916, 117 A. S. R. 666. It is the rule in many other jurisdictions. 9 Minn. L. Rev. 578; 1 Couch, Cyc. of Insurance Law, § 266; McGuinness v. Court Elm City, Foresters of America, 78 Conn. 43, 60 A. 1023, 3 Ann. Cas. 209; see International Union of Steam Operating Engineers v. Owens, 119 Ohio St. 94, 162 N. E. 386, 387; cf. Woodmen v. Ramsey, 118 Miss. 454, 79 So. 351. The purpose of such regulations and the reasons for their validity are well set forth in the Lindahl case, wherein the court stated [100 Minn. 91]:

"But there is no valid objection to treating such requirements as provisions for the presentation of claims against the associations, in order that they may be fully examined and passed upon by the proper officers before the association is subjected to the expense and annoyance of litigation. The right to require a claim to be presented to designated officers cannot be questioned. It seems equally clear that the association may prescribe a mode of procedure for securing the acceptance or rejection of claims, provided it is not such as to deprive the parties of their substantial contract rights. Requiring claims for benefits to be first presented to the officers of the association certainly violates no property rights. Nor can it be unreasonable to require that the member or his beneficiary shall appeal to the governing body of the order and thus secure the approval or rejection of his claim by the final action of those who are entitled to speak with conclusive effect for the order. Until the highest authority in the order has rejected the claim, it may reasonably be said that the debtor has not refused to pay. It follows that, if the requirements are reasonable and not of such a nature as to nullify the contract by rendering its enforcement so difficult and uncertain as to destroy its value, they will be enforced by the courts."

The particular provisions there construed were held to be unreasonable for the reason that it would have been necessary for the

member to appeal to a body that was to meet in a foreign country three years hence. Such a procedure would have destroyed the substantial contract rights of the member. The provisions with which we are here concerned allow for an easy and early determination of any dispute. Under the provisions of the constitution by which plaintiff was bound, he should have appealed to the international president of the organization, and in case of an adverse ruling there he could have appealed to the board of directors. Both tribunals are domiciled at a centrally located point (Cleveland, Ohio) and are so constituted that disputes may be considered as soon as they arise; yet plaintiff appealed to neither. Under the constitution of the group the international president is required to "promptly decide all questions and appeals" submitted to him, and the board of directors must make its report at the close of each regular biannual meeting. The remedies so provided are not so cumbersome as to destroy plaintiff's contract rights. Of course any unreasonable delay on the part of either of those tribunals would deprive the appealing party of his substantial contract rights and act as a waiver of any rule or regulation requiring that a decision first be obtained from the highest tribunal within the order before civil action is commenced. See Carey v. Switchmen's Union, 98 Minn. 28, 30, 107 N. W. 129.

Plaintiff claims that there is nothing from which he may appeal to the tribunals within the organization as he has never had a hearing. The decision of the secretary not to allow the payments could have been made the basis of an appeal. The fact that such appeals can be made only by the member himself, without the aid of attorneys, or through some other member on his behalf imposes no particular hardship upon anyone. Expensive litigation on purely local fraternal matters thus is avoided.

Under the conclusion here reached the other questions raised need not be considered. Defendant's motion for judgment notwithstanding the verdict should have been granted. It is so ordered.

Reversed.