VOEGELI, Respondent, v. SCHULTZ, et al, Appellants
(295 N. W. 493.)

(File No. 8382. Opinion filed December 24, 1940.)

**Bailey, Voorhees, Woods & Bottum** and **M. T. Woods,** all of Sioux Falls, for Appellants.

**O. C. Donley,** of Elk Point, for Respondent.

PER CURIAM. This action involves an automobile collision occurring on highway No. 77 at a point approximately ten miles south of Sioux Falls. The jury returned a verdict for plaintiff and defendants have appealed. Defendants' assignments of error relate, first, to misconduct of counsel; second, to the reception of evidence; third, to the instructions given by the court; fourth, to the contributory negligence of the plaintiff; and, fifth, to the amount of the verdict. With respect to the alleged contributory negligence of the plaintiff, defendants contend that this record shows such negligence as a matter of law. We cannot agree. This question was submitted to the jury by the trial court and we think it clear under this record that there was a jury question. We have carefully considered the instructions to the jury and are of the opinion that the instructions given, submitted the case fairly to the jury, and that there was no error in denying the instructions that were requested. We are satisfied that no prejudice is shown from the trial court's rulings on the reception or rejection of evidence, neither can we say, under the facts presented, that the verdict is excessive.

The question of misconduct of counsel has given us considerable trouble. We say frankly that the affirmance

of this judgment should not be construed by counsel for the plaintiff as in any manner condoning his actions in this case, and by his actions we refer to those occurrences which the defendants have pointed out in the assignments of error. However, in view of the trial court's discretion in passing upon the application for a new trial, where the question of misconduct is presented we are not inclined to grant a new trial upon this ground. The rule is well established that the conduct of counsel during a trial is a matter so peculiarly within the supervision and discretion of the trial court that the Supreme Court will not grant a new trial unless there has been an abuse of discretion. Poe v. Arch, 26 S. D. 291, 128 N. W. 166; Whaley et al. v. Vidal et al., 27 S. D. 642, 132 N. W. 248. Considering this record as a whole, we are unable to say that the trial court abused its discretion when it denied the motion for a new trial.

The judgment and order appealed from are affirmed.

All the Judges concur.