James W. **KENT,** Plaintiff-Respondent,

v.

**ALLIED OIL & SUPPLY, INC.,**
Defendant-Appellant.

No. 11948.

Supreme Court of South Dakota.

Argued Jan. 11, 1978.

Decided April 6, 1978.

Jeff W. Davis and David F. Sieler of Sieler, Sieler & Trimble, Rapid City, for plaintiff-respondent.

Thomas G. Fritz of Lynn, Jackson, Shultz, Ireland & Lebrun, P.C., Rapid City, for defendant-appellant.

MORGAN, Justice.

This is a suit by an employee (respondent) to recover from his employer (appellant) a percentage of net profits allegedly earned under a contract of employment. The parties first agreed that the respondent would receive $1,000 per month plus 40% of the net profit, and subsequently changed this agreement to $750 per month plus 50% of the net profit. The appellant urges that the contract of employment was void under the statute of frauds[1] as the same was incapable of performance within one year. We affirm the judgment.

■ As we view the contract, the salary was paid on a month-to-month basis and the percentage of annual net profits was computed on an annual basis. The period covered by the suit is immaterial. The fact that the company was on a fiscal year and that the percentage of profits was computed on that basis and that the computation couldn't be completed until after the close of business for the fiscal year, doesn't change the fact that the percentage of profits, whatever it computed out to be, was earned within the year.[2] Under the facts

---

1. SDCL 53–8–2 (1967) provides as follows:

   The following contracts shall not be enforceable by action unless the same or some memorandum thereof be in writing and subscribed by the party to be charged or his agent, thereunto authorized in writing:

   (1) An agreement that by its terms is not to be performed within a year from the making thereof; . . .

2. *Miller v. Riata Cadillac,* Tex., 517 S.W.2d 773 (1975); *White Lightning Co. v. Wolfson,* 68 Cal.2d 336, 66 Cal.Rptr. 697, 438 P.2d 345 (1968).

as presented the contract could be construed as either a month-to-month employment contract or a year-to-year employment contract, neither of which would fall under the statute of frauds.[3]

██ As to the claim of error for failure to grant a new trial, on the grounds of misconduct of counsel, we hold that to be within the sound discretion of the trial judge.[4] At the time of the alleged misconduct which appears to have been a misstatement by counsel in argument to the jury as to the months to be covered in the jury's computations, we note that upon objection by appellant's counsel the trial judge admonished the jury. In view of the fact that the accounting period appears to lap over into three different fiscal years, and a net loss in one year would not affect the liability in a succeeding year, we cannot see that the appellant can demonstrate reversible error.

██ As to the computation of the verdict award by the jury that is within their discretion as triers of the fact. The allegations of confusion and lack of corroboration of the appellant's evidence merely goes to the weight, not to the sufficiency, of the evidence. Accordingly, we affirm the trial court's denial of appellant's motion for summary judgment and the trial court's judgment entered upon the verdict.

All the Justices concur.

---

**3.** SDCL 60–1–3 provides as follows:

A servant is presumed to have been hired for such length of time as the parties adopt for the estimation of wages. A hiring at a yearly rate is presumed to be for one year; a hiring at a daily rate, for one day; a hiring by piece work, for no specified term.

SDCL 60–1–4 provides as follows:

In the absence of any agreement or custom as to the rate or value of wages, the term of service, or the time of payment, a servant is presumed to be hired by the month at a monthly rate of reasonable wages, to be paid when the service is performed.

*Dokken v. W. L. Huffman Automobile Co.,* 40 S.D. 286, 166 N.W. 1086 (1918); *Tretheway v. Tri-State Milling Co.,* 54 S.D. 201, 222 N.W. 950 (1929).

**4.** *Whaley v. Vidal,* 27 S.D. 642, 132 N.W. 248 (1911); *Voegeli v. Schultz,* 67 S.D. 538, 295 N.W. 493 (1940).