By the Court.
 

 The authority exercised by the officers in the issuance of the strike order, or in the revocation of the charter of Local Union No. 293, is not an issue for determination in this case. That having been accomplished, and a new local union having been instituted, the only question is whether the plaintiff, John Gr. Owens, is entitled to a mandatory injunction requiring that a transfer card be issued to him, thereby continuing his membership in the union.
 

 It is a well-settled principle of law, recognized by the courts of this state and by the courts of other states, that the members of a fraternal association by adopting a constitution and by-laws and providing reasonable rules and regulations for settling their own disputes, and by establishing their own tribunals of original, intermediate, and appellate jurisdiction, become bound thereby, provided such constitution, by-laws, rules, and regulations do not contravene the laws of the state. It is also well
 
 *99
 
 settled that the members of such an association must conform to the reasonable rules and regulations thereof and must exhaust all remedies within the association and before such regularly constituted tribunals.
 

 It is conceded in the instant case that the International Union of Steam and Operating Engineers is such a fraternal organization, and it must therefore be conceded that, if the defendant in error has pursued all his remedies before the tribunals within the association, and if the duly constituted tribunals have failed to observe the constitution, by-laws, rules, and regulations of the association, the defendant in error is entitled to invoke the aid of the court to compel such tribunals to accord to' him those rights, if any, which are shown to have been denied.
 

 We have carefully examined the record and it clearly appears that all proceedings were regular relating to the revocation of the charter of Local Union No. 293 and the organization of Local Union No. 874. The defendant in error had full notice of and participated in those hearings, and he js precluded by the action taken in those matters. It is not, however, made clearly to appear by this record that when the defendant in error made application for transfer to Local No. 874 he requested a hearing, or that a hearing was accorded to him. If the desired and requested a hearing and it was not ] accorded to him, then a substantial right has been | denied him. The court of common pleas found the issues in favor of Owens and granted the injunction as prayed for, and the Court of Appeals affirmed that judgment. The effect of this order is
 
 *100
 
 to compel the issuance of a transfer card to Local Union No. 874. In this the Court of Appeals erred. If no hearing has been accorded to Owens, he is entitled to have it, but the courts do not guarantee more than that. The International Union of Steam and Operating Engineers is required to complete any uncompleted processes in determining any rights between its members, and likewise any rights between members of any local union and such local union itself. The judgment of the lower courts should therefore be reversed because the courts have granted the writ of injunction to compel the issuance of the card, where it should only be directed to the International Union to command them to proceed with the uncompleted processes. Upon the issues joined the judgment of the lower courts must be reversed.
 

 Judgment reversed.
 

 Marshall, O. J., Allen, Kinkade and Robinson, JJ., concur.