## CHESTNUT BEACH ASS'N v MAY

Ohio Appeals, 9th Dist, Summit Co

No 2060. Decided Feb 13, 1933

May & May, Akron, for plaintiff in error.
Taylor & Taylor, Akron, for defendant in error.

WASHBURN, PJ.

There is no dispute as to the facts which should control the judgment in this case.

When May became a member he was not only charged with knowledge but had actual knowledge of the provisions contained in the code of regulations; he paid the dues assessed until he had paid $35, and he did nothing thereafter to in any way affect his standing as a member except to cease paying dues, the last payment being made in September, 1925.

The minutes of the association show that from time to time the trustees considered the delinquency of May and other members, and that some motions were made in reference thereto, but the minutes fail to show whether said motions were adopted or rejected. One of such motions appeared in the minutes of August 5, 1927, which minutes recite that a motion was made by Mr. Miller to notify Richard J. May and others that their dues, which were in arrears, "would be applied against their memberships according to by-laws Article VIII," and on October 1, 1927, the following letter, signed by the officers and trustees of the association, was sent to Mr. May, to-wit:

"Dear Sir:

"You are hereby notified that the amount of dues assessed against you as a member of the Chestnut Beach Association to date is the sum of $115.00. This amount is more than the amount which you have paid in as a member of this association.

"Under the provisions of the regulations of this association, the amount of these dues which are unpaid constitutes a lien on your certificate of membership. The trustees of the association are, therefore, hereby demanding that you pay, within thirty days from the date hereof, your unpaid dues and assessments hereinabove set forth, and that in the event of your failure to so pay said dues within thirty days from the date hereof, that then and in that event your certificate of membership in this association will be cancelled, and all of your rights and privileges terminated."

Mr. May received said letter, but thereafter did nothing in reference to the matter except to bring the suit hereinbefore mentioned, which was begun on May 6, 1929.

After the sending of said letter, the officers and trustees of the association took no action in reference to expelling Mr. May from the association or enforcing the claimed lien of the association upon Mr. May's membership, nor in reference to denying him the right to any of his privileges as a member of the association, and did not in any way interfere with him in the enjoyment of such privileges; but after said notice had been given, said May ceased to avail himself of any of the privileges of such membership except that on one occasion he did visit the property of the club for a short time.

Some claim is made that, after the sending of said letter, the club failed to carry May's name on its books as a member of the association, but on that question we find against the claim of May. His name appeared upon the records as a member just the same as before said letter was written, but the secretary, in keeping track of the dues paid by the members, omitted May's name from such list because he was not paying his dues.

The claim of the association is that it never elected to exercise its option to expel May for nonpayment of dues, and we find that said claim is true, unless said election was made by the sending of said letter, notwithstanding the failure of the association to do anything thereafter in reference to the matter.

As to said letter, the association claims that, under Article VIII as hereinbefore quoted, the association had a lien upon Mr. May's membership for the dues which he should have paid and did not pay, and that, at the time of the writing of said letter, said unpaid dues amounted to more than the amount of said May's membership, and that, by said letter, it not only did not expel May from membership nor elect to exercise its option to expel him, but that on the contrary it merely notified him that it would enforce its lien upon his membership, and that as its claim amounted to more than his membership, the enforce-

ment of its lien would extinguish his membership and he would thereby lose all of the rights and privileges of a member of the association.

On the other hand, May claims that by said letter said association notified him that if he did not pay up his dues by a certain time, he would be expelled for nonpayment of dues, and that, by his failure to pay the dues within the time specified, his expulsion became operative without any further action being taken by the association, and that therefore he has a right to recover back his initiation fee; in other words, that the sending of said notice that his certificate would be cancelled unless he paid up his dues, was a sufficient indication of the association's election to expel him, and that he was legally justified in making such assumption, and that by not paying he consented to being expelled.

The letter did not expressly state that the association proposed to expel May; it did expressly state that May's arrearage in dues amounted to more than he had paid in as a member, and that the association had a lien on his certificate of membership for an amount greater than he had paid in, and that therefore the association proposed, if he did not pay up, to cancel his certificate.

It seems to us that May was not legally justified in assuming that the association intended to expel him, but rather that the association proposed to extinguish his membership and apply what he had paid upon what he then owed, and that that is really what he acquiesced in when he failed to pay what he owed and ceased to avail himself of the privileges of a member and made no protest or complaint for nearly two years thereafter.

We do not find that anything the association did after the sending of such letter indicated an intention to expel May, and that what it did or omitted to do was perfectly consistent with an intention to insist upon its lien upon May's certificate.

If May's membership was terminated by his resignation or by any other means except his being expelled, he has no claim whatever against the association. (§8623-103, GC). Therefore his right to recover depends upon whether he was expelled; and we hold that he was not expelled.

If the association were suing May for dues accruing after the sending of said letter, it might reasonably be held that the association could not hold him for dues after the date on which it said in the letter it would cancel his certificate; but the fact that after said date he ceased to be a member, if he did, in the sense of being liable for dues, is not conclusive upon the question of whether or not he was expelled. We think the letter should be construed as an attempt to enforce the lien of the association, rather than an attempt to expel May, and we are not now concerned with whether the mode adopted of enforcing its lien was or could be effectual to accomplish the desired result. All we are called upon to decide is that, without any further action being taken, May was not expelled, as that term is used in said Article VIII.

The judgment of the Municipal Court, and the judgment of affirmance of the Common Pleas Court, being contrary to law, they are reversed, and the controlling facts being undisputed, final judgment is rendered in favor of the association.

FUNK, J, concurs.

STEVENS, J, not participating.