**BROTHERHOOD OF LOCOMOTIVE FIRE-
MEN AND ENGINEMEN v.
GREENE.**

No. 3756.

Court of Civil Appeals of Texas. El Paso.
Oct. 20, 1938.

Rehearing Denied Dec. 8, 1938.

J. M. Pollard, of El Paso, for appellant.

R. E. Cunningham, W. H. Fryer, and Coyne Milstead, all of El Paso, for appellee.

658

HIGGINS, Justice (after stating the case as above).

█ It is contended by appellant that the constitution of the Brotherhood constitutes the contract between the parties; that it is an Ohio contract and governed by the laws of that State; that under the laws of Ohio the action of the Board of Directors of the Brotherhood in rejecting the appellee's claim is final and for that reason he cannot maintain this action. The appellee did not become a member of the Brotherhood until his application had been accepted, the certificate of membership issued, delivered to and accepted by the appellee. These were the final acts which completed the formation of the contract. The contract did not become effective until the certificate was delivered to and accepted by the appellee subject to the conditions named in the same. The certificate was delivered to and accepted by appellee in El Paso, Texas. Therefore, the contract is to be regarded as a Texas contract. 1 Cooley on Insurance, pp. 859, 860; Fidelity Mut. Life Ass'n v. Harris, 94 Tex. 25, 57 S.W. 635, 86 Am.St.Rep. 813. Even if the contract were to be regarded as governed by the laws of Ohio, the position of the appellant would, nevertheless, be untenable.

█ Appellant refers to certain authorities of the courts of Ohio holding that parties to a contract may provide for the determination of a specific issue of fact by a person or persons designated in the contract, and the decision of such person or persons is final and conclusive. The cases referred to are Myers v. Jenkins, 63 Ohio St. 101, 57 N.E. 1089, 81 Am.St.Rep. 613; Baltimore & O. Railway Company v. Stankard, 56 Ohio St. 224, 46 N.E. 577, 49 L.R.A. 381, 60 Am.St.Rep. 745; Boling v. Norfolk & Western Railway Co., 30 Ohio N.P.,N.S., 47; International Union et al. v. Owens, 119 Ohio St. 94, 162 N.E. 386. These authorities are not regarded as controlling. The issue of whether appellee has become wholly and permanently disabled involves something more than the mere determination of an issue of fact. It is a mixed question of law and fact. The Stankard Case quoted by appellant does not support its contention. In that case the Court said [page 578]:

"But in the case at bar the equivalent of an appeal was had, and the advisory committee acted upon and rejected the claim, and then the parents were compelled to either abandon the claim or resort to an action at law. Does rule 11 bar such action? We think not. A long line of decisions holds that parties cannot by contract take away the jurisdiction of the courts in such cases, and that the attempt to do so is void. * * *.

"While courts usually base their decisions upon the ground that parties cannot by contract, in advance, oust the courts of their jurisdiction of actions, a more satisfactory ground is that under our constitution all courts are open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law. Article 1, § 16. Courts are created by virtue of the constitution, and inhere in our body politic, as a necessary part of our system of government, and it is not competent for any one, by contract, or otherwise, to deprive himself of their protection. The right to appeal to the courts for the redress of wrongs is one of those rights which is in its nature, under our constitution, inalienable, and cannot be thrown off or bargained away. * * *

"In the case at bar, the claim having gone through the course provided by rule 11, and having been rejected, the parents had the right to go into a court of justice and establish their claim, and in the trial the fact that the claim had been so rejected was not a bar to a recovery. In so far as rule 11 attempts to cut off the right of action in court, it is null and void."

Furthermore, Article 8 of Sect. 18, Article 8 of Sect. 19, and Article 8 of Sect. 25, quoted above, of the Brotherhood's constitution impliedly recognizes the right of a member to resort to the courts to enforce a lawful demand which has been wrongfully denied by the constituted authorities of the Brotherhood.

█ Appellant complains of the definition given in the charge of the term "totally disabled" as used in question No. One. The complaint is, the court should have given the definition contained in Article 8, Sect. 23a of the constitution quoted above. The objection here urged was considered in Brotherhood of Locomotive F. & E. v. Forrester, Tex.Civ.App., 101 S.W.2d 860, in which a writ of error was dismissed by the Supreme Court. The question was discussed at some length in the opinion rendered by Justice Baugh in that case and reflects our views upon the subject. In this connection it may be further observed that under our special issue form of submission

it was necessary to separately submit the issues of total and permanent disability in order to avoid the vice of duplicitous submission. Metropolitan Life Ins. Co. v. Greene, Tex.Civ.App., 75 S.W.2d 703, and cases there cited. The definition given in the constitution, and which appellant insists should have been given, deals with both total and permanent disability; whereas question No. One and the definition given in connection therewith, relate only to total disability. It would have been inappropriate to have given in connection with question No. One the definition contained in Article 8, Sect. 23a of the constitution because it is the definition of total and permanent disability, whereas the question inquires only concerning total disability.

Affirmed.