HAGESFELD et, Plaintiffs-Appellees, v. CAMPBELL et, Defendants-Appellants.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25148. Decided December 2, 1960.

*Messrs. Hartshorn, Thomas, Edelman & Fludine*, for appellees.
*Mr. Charles J. Donohue*, for appellants.

(DOYLE, P. J., and HUNSICKER, J., of the Ninth District, and RADCLIFF, J., of the Fourth District, sitting by designation in the Eighth District.)

For further history see *Omnibus Index* in bound volume.

HUNSICKER, J. On March 22, 1958, the appellees, Ben Hagesfeld and others, filed an action, in the Common Pleas Court, seeking an injunction against Jack Campbell and others, the appellants, "from committing any acts of physical or verbal violence or any act threatening physical or verbal violence tending in any way to interfere in the proper and orderly conduct of the meetings of Local Union No. 18, International Union of Operating Engineers, or any of its districts."

All of the parties were alleged to be members of Local Union No. 18, International Union of Operating Engineers.

An answer was filed to this petition, and thereafter a cross-petition was filed by Jack Campbell et al., in which cross-petition the prayer asked that:

"* * * the plaintiffs be temporarily restrained from depriving the defendants of their rights as members of the Union; that they have free and reasonable access to their headquarters; that meetings of this Union be restored, and that they be conducted according to proper rules and in a democratic way; that officers shall be elected as provided in the bylaws of the Union; that members be admitted only as provided in the laws of the Union; that the plaintiffs and all those acting with them be restrained from attempting to punish the defendants or use any methods of reprisal because defendants have filed this cross-petition or because they assert their rights as Union members; and that on final hearing this injunction be made permanent, and the defendants pray for such equitable relief as in law and justice they are entitled to."

After the filing of the cross-petition, a motion for summary judgment as to the matters set out in the cross-petition was

filed by Ben Hagesfeld et al., the appellees. The trial court granted this motion for summary judgment by a journal entry which reads, in its pertinent part, as follows:

"The court being duly advised in the premises by counsel for all parties to this action, and after consideration of all of the affidavits, pleadings, exhibits and other documents properly before the court upon the said motion, finds that said motion is well taken and should therefore be granted."

It is from this judgment that an appeal on questions of law is lodged in this court by Jack Campbell et al. This appeal directly challenges the right of the trial court to grant a summary judgment upon the pleadings and affidavits.

Jack Campbell et al., asked for a delay of the hearing on the motion for summary judgment until depositions could be taken and evidence presented. This request was refused.

No question is raised herein as to the order granting summary judgment being a final appealable order.

The Ohio statute granting a litigant the right to summary judgment, Section 2311.041, Revised Code, was enacted by the legislature effective November 9, 1959. Few cases have come before the courts of Ohio involving this new pretrial procedure, although many cases arising in the federal courts have been brought to our attention. The summary judgment procedure has been in use in other jurisdictions, and it has been found to be an effective way to facilitate the determination of cases where problems of law only are before the court.

Summary judgment is a procedural device designed for the prompt disposition of actions where there is no real issue of any material fact, thus eliminating a trial in such cases *Whitaker* v. *Coleman*, 115 Fed. 2d, 305; *Parmelee* y. *Chicago Eye Shield Co.*, 157 Fed. 2d, 582; 6 Moore's Federal Practice, Sec. 56.04, at p. 2028.

The essence of a motion for summary judgment is that there is no bona fide factual issue between the parties, and one of the parties, the movant, is entitled to a judgment as a matter of law. In this respect, it is similar to a motion for a directed verdict, judgment on the pleadings, or a demurrer on the ground that no cause of action is stated.

The constitution and bylaws of the Union were introduced as

an exhibit in the application for summary judgment. Such exhibit showed that there are methods of trial and appeal within the Union provided for every member who felt himself aggrieved.

The cross-petition herein, to which the application for a summary judgment was directed, sought the help of the courts in the settlement of alleged grievances arising out of the administration of the Union. The remedies provided by the constitution and bylaws were not invoked, on the ground that such action would be futile. The trial court determined the matter adversely to the claims of the appellants, and with that conclusion we do not disagree.

The rule in similar matters of voluntary associations has been established in *International Union of Steam & Operating Engineers et al.*, v. *Owens*, 119 Ohio St., 94, at page 98, where the court said:

"It is a well-settled principle of law, recognized by the courts of this state and by the courts of other states, that the members of a fraternal association by adopting a constitution and by-laws and providing reasonable rules and regulations for settling their own disputes, and by establishing their own tribunals of original, intermediate, and appellate jurisdiction, became bound thereby, provided such constitution, by-laws, rules, and regulations do not contravene the laws of the state. It is also well settled that the members of such an association must conform to the reasonable rules and regulations thereof and must exhaust all remedies within the association and before such regularly constituted tribunals."

The judgment herein must therefore be affirmed.

Judgment affirmed.

DOYLE, P. J., and RADCLIFF, J., concur.