First National Bank of Cincinnati et, Plaintiff, *v.* Doyle et, Defendants.

Probate Court, Hamilton County.

No. 4518.   Decided February 27, 1962.

*Messrs. Frost & Jacobs,* for First National Bank of Cincinnati.

*Mr. Hawley Todd* and *Mr. John B. Frey,* for Thomas E. Doyle.

*Mr. Mark McElroy,* attorney general, *Messrs. Dolle, O'Donnell, Cash, Fee & Hahn,* for Mutual Benefit Life Insurance Company.

*Mr. William T. Sheffield,* for The Salvation Army.

*Messrs. Taft, Stettinius & Hollister,* for Connecticut Mutual Life Insurance Company and Massachusetts Mutual Life Insurance Company.

DAVIES, J. In its petition, the First National Bank of Cincinnati, as Trustee under a trust agreement entered into by it and Edward H. Doyle on June 19, 1933, prayed for the determination and declaration of this court as to the construction of this trust agreement, and a declaration of rights, status, and legal relations thereunder and the duties of the petitioner under said trust agreement, and particularly as to whether the provisions of said trust agreement as amended are repugnant to the rule against perpetuities and, if so, to whom said trust fund should be distributed, and for such other relief as may be found to be equitable and in good conscience and in accordance with the intention of the trustor in said trust.

Edward H. Doyle died on July 27, 1949; his wife, Annie Doyle, died on January 11, 1955; his son, William E. Doyle, died on June 25, 1949, and his grandson, Thomas E. Doyle (William E. Doyle's son), and his great-granddaughter, Bari Lynn Doyle (Thomas E. Doyle's daughter), who was born on January 2, 1957, are now alive. William R. Mitchell and W. Paul Mitchell are living children of the trustor's deceased sister, Edna Mitchell, and Eva Doyle Amyx, Hester Doyle Conklin, and John W. Doyle are living children of trustor's deceased brother, John Doyle, which said nieces and nephews of the trustor are contingent beneficiaries of said trust agree-

ment, as amended, in the event that at the termination of said trust there are no living lawful issue of William E. Doyle, the trustor's son.

The trust agreement, together with twenty-two amendments thereto, provides that after the death of the trustor the trustee shall hold and administer the entire trust estate (which amounts to more than $1,250,000.00), including interest, dividends, and income and/or the proceeds of designated life insurance policies, and bonds, stocks, securities, and other property delivered to the trustee, for the benefit of and during the lifetime of Annie Doyle, wife of the trustor, William E. Doyle, his son, and Thomas E. Doyle, the son of said William E. Doyle, and/or the survivor of them. The agreement also provides that in the event that at the death of the survivor of these named beneficiaries there is/are in being another child or children, or lawful lineal descendant or descendants of William E. Doyle, then the trust shall continue for an additional twenty-one years from the death of such survivor; provided, however, that should the last survivor of such child, children, or lawful lineal descendant or descendants of said William E. Doyle die prior to the expiration of said twenty-one year period, then the trust shall terminate upon the death of such survivor.

As finally amended, the trust agreement provides that the trustee shall pay the entire principal of said trust estate, and any undistributed income therefrom "to the living lawful issue, per stirpes, of said William E. Doyle; but if there be no such issue then living, then said trust estate shall be divided into as many equal parts as there are children of Trustor's brother, John Doyle, and children of his deceased sister, Edna Mitchell, then living or as may be then deceased, leaving lawful issue then living, each living child to receive one (1) share, and the then living lawful issue of any deceased child or children to receive one (1) share per stirpes; but in default of living lawful issue of Trustor's said brother and/or said deceased sister; then said trust estate shall be distributed one-half ($\frac{1}{2}$) to the Children's Home of Cincinnati, Ohio, and one-half ($\frac{1}{2}$) to the Salvation Army of Cincinnati, Ohio."

The defendants in the present action are: Thomas E. Doyle, Bari Lynn Doyle, Miriam Louise Doyle, William R. Mitchell, W. Paul Mitchell, Hester Doyle Conklin, Eva Doyle Amyx, John

W. Doyle, Clyde Darragh, Salvation Army, The Children's Home of Cincinnati, The Mutual Benefit Life Insurance Co., The Connecticut Mutual Life Insurance Co., The Massachusetts Mutual Life Insurance Co., Unknown Heirs, Devisees, Legatees, Executors, Administrators and Assigns of Edna Mitchell, deceased, Unknown Heirs, Devisees, Legatees, Executors, Administrators and Assigns of John Doyle, deceased, and Unknown Heirs, Devisees, Legatees, Executors, Administrators and Assigns of William E. Doyle, deceased.

Various pleadings have been filed by the interested parties. Thomas E. Doyle and his wife, Miriam Louise Doyle, the latter individually and as guardian of Bari Lynn Doyle, their minor child, in their answers and cross-petitions, contend, among other things, that the trust agreement, as amended, is ambiguous and violates the Ohio Statute against perpetuities. Thomas E. Doyle also claims the trust agreement is void and that he is entitled to the corpus of the trust.

After presentation of evidence by the parties on the aforementioned issues and arguments, the court sustained the plaintiff's and others' motions to reopen the case for the presentation of additional evidence.

The additional evidence consisted of an affidavit filed by Wells Woodley as a Trust Officer of the First National Bank of Cincinnati, setting forth that on October 20, 1955, a petition was filed, and later, on March 28, 1956, an Amended Petition was filed, by Thomas E. Doyle in said case, as plaintiff, in the Court of Common Pleas of Hamilton County, Ohio, being Case No. A-150486, against the First National Bank of Cincinnati and all of the defendants listed in the instant case in the Probate Court, except Bari Lynn Doyle, who was not born until January 2, 1957, Miriam Louise Doyle, guardian of Bari Lynn Doyle, a minor, The Mutual Benefit Life Insurance Co., The Connecticut Mutual Life Insurance Co., The Massachusetts Mutual Life Insurance Co., and the Attorney General of Ohio, in which amended petition the plaintiff, Thomas E. Doyle, alleged that his grandfather, Edward H. Doyle, as trustor, had entered into the aforementioned living trust agreement dated June 19, 1933, and that said trust agreement was amended from time to time, as outlined in the petition which has been filed in the instant case in the Probate Court.

In his petition filed in the Common Pleas Court, as shown by the affidavit, Thomas E. Doyle alleged that he was the only child of William E. Doyle and Anne McGlasson Doyle, who were divorced in 1939; that Anne McGlasson Doyle was granted custody of plaintiff in the divorce action; that because of this divorce, and the evidence leading up to it, and difficulties over his custody, an intense dislike arose between the elder Mrs. Doyle and Anne McGlasson Doyle; that because of this dislike, the elder Mrs. Doyle set upon a course of conduct which unduly influenced her husband, Edward H. Doyle, a sick, feeble man, to change and amend his trust so that the plaintiff would never receive income when his mother was alive or until he was fifty (50) years of age; and that this undue influence of the elder Mrs. Doyle further influenced the addition of Clause IIIB3 (e) as an amendment to the trust agreement (the same agreement now in controversy in the Probate Court) which, in part, reads as follows: ". . . except that no payment under this provision shall be made to said Thomas E. Doyle until after the death of Anne McGlasson Doyle, or until the said Thomas E. Doyle shall have arrived at the age of fifty (50) years, whichever event should first occur." The plaintiff further alleged that this amendment did not represent the free act and wishes and judgment of trustor, the plaintiff's grandfather, as to the trust, but represented the overpowering wishes of the elder Mrs. Doyle; and that the trustor's real wish was that the plaintiff would receive income on the death of the elder Mrs. Doyle and William E. Doyle. The plaintiff, in his amended petition in the Common Pleas Court, also alleged that said Clause IIIB3 (e) of said agreement was void and of no force and effect because its insertion in said trust was caused by the undue influence of his grandmother and void for the further reasons that its inclusion in the trust agreement violated a sound sense of decency and public policy in the State of Ohio.

The plaintiff prayed that the Common Pleas Court require the defendant, the First National Bank of Cincinnati, to set forth in its answer the net income in said trust available for distribution up to the time of the filing of (plaintiff's) petition and that plaintiff be granted judgment in that amount.

The plaintiff further prayed the Common Pleas Court for

a declaration of rights between the parties to the trust and that the court declare that so much of the trust that "prevents defendant (sic) from receiving income until his mother dies or he is 50 is void because induced by undue influence and because it is contrary to public policy, and order the Trustee to pay to him all net income not payable to other proper beneficiaries from the date of the filing of this petition until his death, and for such other and further relief in law and equity as may be necessary or proper in the premises."

The affidavit filed by Wells Woodley further shows that after trial in the Common Pleas Court, the following entry was made on November 30, 1956: "This cause coming on for hearing by the Court without the intervention of a jury, and the defendant, The First National Bank of Cincinnati, having moved the Court for judgment at the end of the presentation of the plaintiff's evidence; on consideration of the pleadings and the evidence the Court finds for the defendant. It is, therefore, considered that the defendants herein go hence without day and recover of said plaintiff his costs of this suit. Judgment is rendered against the plaintiff for the costs herein, to all of which plaintiff excepts."

After a motion for a new trial was filed by plaintiff, the following entry was made overruling said motion for a new trial: "This matter coming on for hearing this 14th day of January, 1957 on the motion of the plaintiff, Thomas E. Doyle, for an order granting a new trial herein, upon consideration whereof, the court finds that said motion is not well taken and hereby denies same."

Thomas E. Doyle admits that the affidavit filed by Wells Woodley sets forth accurately the pleadings and entries relating to the action in Case No. A-150486 of the Common Pleas Court of Hamilton County, Ohio.

On the same day as it filed its affidavit setting forth the history of the Common Pleas Court case, the First National Bank of Cincinnati, as trustee of the Edward H. Doyle trust, filed a motion for a Summary Judgment in the instant case under the provisions of Section 2311.041, Revised Code, contending that there is an existing final judgment rendered in the Common Pleas Court upon the merits by a court of competent

jurisdiction which rejected a previous attempt to invalidate the subject trust and that said judgment is conclusive as to the validity of such trust between the parties and their privies in the case now pending in the Probate Court.

Briefly stated, Thomas E. Doyle contends that the trust, as amended, created by his grandfather, Edward H. Doyle, is invalid because its terms violate the rule against perpetuities, while the First National Bank of Cincinnati, as trustee, claims that the trust, as amended, has already been found to be valid in a prior action brought in the Common Pleas Court of Hamilton County and that the judgment in that case is *res judicata* as to the issues raised in the present Probate Court action.

The bank, as trustee, has moved for a summary judgment under the provisions of Section 2311.041, Revised Code, which provides that ''a party seeking to recover upon a cause of action or counterclaim or to obtain a declaratory judgment, or a party against whom a cause of action or counterclaim is asserted or a declaratory judgment is sought, may, at any time after the action is at issue, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof.''

Actually, the trustee's motion for a summary judgment was unnecessary because, at the time the motion was made, the trial had been completed. All parties had been given an opportunity to present testimony and had rested. The parties, including Thomas E. Doyle, had admitted that the affidavit of Wells Woodley incorporates a true and correct record of the proceedings in Case No. A-150486 of the Common Pleas Court in which Thomas E. Doyle was plaintiff and the First National Bank of Cincinnati and the others hereinbefore mentioned were defendants.

A ''summary judgment is a procedural device designed for the prompt disposition of actions where there is no real issue of fact, thus eliminating a trial in such cases.'' *Hagesfeld* v. *Campbell*, 85 Ohio Law Abs., 61, 170 N. E. (2d), 514. In the *Doyle case* now before this court, as stated, the trial has been completed. The case has been presented to the court upon its merits according to the issues raised in the pleadings of the various parties and the evidence offered in support of those

issues. There was no need for a motion for a summary judgment.

Courts everywhere have dealt with the doctrine of "res judicata." This doctrine, as applied in Ohio, is summarized in 32 Ohio Jurisprudence (2d), Section 304, p. 52, as follows: "A final judgment, rendered by a court of competent jurisdiction on the merits, constitutes an absolute bar to a subsequent action involving the same claim, demand, or cause of action between the same parties or their privies, even though the two actions differ in form. A party cannot, by varying the form of action or adopting a different method of presenting his case, escape the operation of the principle that one and the same causes of action shall not be twice litigated. Where either of two remedies is qually available to vindicate the same right, the judgment in an action employing one of them will bar a resort to the other." See also 50 C. J. S. (2d), Section 592, p. 11. Some of the Ohio decisions having special bearing on the subject at issue will be cited.

Where issue has been joined on a material fact in an action, and the issue judicially determined and carried into judgment by a court having jurisdiction of the action, the parties to such action are concluded by such finding until the judgment is reversed or set aside. And the fact thus established cannot be retried by the same parties in any subsequent action, whether the second action is upon the same or a different subject-matter from the first. *Hixson* v. *Ogg*, 53 Ohio St., 361, 42 N. E., 32.

In a judicial proceeding in a court of record, where a party is called upon to make good his cause of action or establish his defense, he must do so by all the proper means within his control, and if he fails in that respect, purposely or negligently, he will not afterward be permitted to deny the correctness of the determination, nor to relitigate the same matters between the same parties. *The Covington and Cincinnati Bridge Company* v. *Sargent*, 27 Ohio St., 233. See also *Raymond* v. *Ross*, 40 Ohio St., 343 and *Wright* v. *Schick*, 134 Ohio St., 193.

The principle of res judicata also bars a subsequent action between the same parties and based upon the same cause of action and renders the judgment in the preceding action conclusive as to all germane matters that were or could have been

raised therein. *State, ex rel. Ohio Water Service Co.,* v. *Mahoning Valley Sanitary District et al.,* 169 Ohio St., 31, 157 N. E. (2d), 116.

The general rule is that a former adjudication settles all issues between the parties that could have been raised and decided as well as those that were decided, and that litigants should disclose all their claims and contentions so that there may be a timely end to litigation. *Bolles* v. *Toledo Trust Co.,* 136 Ohio St., 517, 27 N. E. (2d), 145. The final adjudication of a material issue by a court of competent jurisdiction binds the parties in any subsequent proceedings between or among them, irrespective of a difference in forms or causes of action. The same person should not be twice vexed over the same dispute, and it is for the benefit of society that there should be an end to litigation. *Mansker* v. *Dealers Transport Co.,* 160 Ohio St., 255.

"The phase of the doctrine of res judicata precluding subsequent litigation of the same cause of action is much broader in its application than a determination of the question involved in the prior suit. In cases where there is identity of parties or their privies, subject matter, and causes of action, it has been declared to be the settled law of Ohio that a former judgment is conclusive between the parties and their privies, not only as to matters actually determined, but also as to any other matters which could, under the rules of practice and procedure, have been determined. In a judicial proceeding in a court of record, where a party is called upon to make good his cause of action, he must do so by all the proper means within his control, and if he fails in that respect, purposely or negligently, he will not afterward be permitted to relitigate the same matter between the same parties. If a party fails to plead a fact he might have pleaded, or fails to prove a fact he might have proven, the law can afford him no relief. By refusing to relieve parties against the consequences of their own neglect, the law seeks to make them vigilant and careful, it has been declared. A relitigation of the same cause of action between the same parties is barred, although the particular ground of relief set forth by the plaintiff in his second action was not in fact considered or passed upon by the court in the first action. A per-

son is not permitted to split up a single cause of action, or an entire demand, into separate causes of action, setting up one ground in one suit and, failing in that, bringing a separate suit for a like purpose, setting up another ground, or to recover a part of a claim and then maintain a new action for the remainder." 23 Ohio Jurisprudence (2d), Section 308, p. 60.

In 50 C. J. S. (2d), Section 681, p. 126, is found a detailed list of cases which support the text conclusion that matters of defense adjudicated against the defendant in a previous action may not again be set up by the defendant either as a defense in further litigation or as the basis of a new action by him against the former plaintiff.

Applying these legal principles to the facts in the case now before us, we find that in 1955, four years before the present action was instituted, Thomas E. Doyle filed a petition in the Common Pleas Court of Hamilton County, Ohio, against the First National Bank of Cincinnati (the plaintiff in the present action) alleging that Edward H. Doyle, by an original instrument and certain amendments thereto, had created a trust of which the bank was trustee, that part of one of those amendments was void and of no force and effect because its insertion in said trust was caused by the undue influence of the trustor's wife, that the court should order the trustee to pay him, Thomas E. Doyle, certain income from the trust until his death, and "for such other and further relief in law and equity as may be necessary or proper in the premises." He did not elaborate upon what he meant by the words "- - - such other and further relief - - - as may be necessary or proper in the premises." He could have contended, but did not contend, that the trust, as amended, was void because it violated the Ohio statutory rule against perpetuities. In 1956, three years before Thomas E. Doyle filed his present action, the Common Pleas Court rendered judgment against him on the issues then presented to that court.

We conclude, because there was a former judicial proceeding and adjudication in a court of record between Thomas E. Doyle and the trustee of his grandfather's (Edward H. Doyle) trust and other interested and necessary parties concerning that trust, that the principle of res judicata now bars him,

Thomas E. Doyle, in this subsequent action from attacking the same trust on the issue that it violates the rule against perpetuities, which he could have done, but did not do, in the former Common Pleas case.

Judgment, therefore, will be entered in accordance with this conclusion.