.CARROLL, APPELLEE, *v.* N. C. R. EMPLOYEES' INDEPENDENT UNION, APPELLANT.

[Cite as Carroll v. N. C. R. Employees' Independent Union, 12 Ohio App. 2d 194.]

(No. 3176—Decided October 26, 1967.)

*Messrs. Clayman, Sigall, Jaffy & Taylor,* for appellee.

*Messrs. Bieser, Greer & Landis* and *Mr. Douglas K. Ferguson,* for appellant.

CRAWFORD, P. J.   Plaintiff-appellee's petition alleges that he was wrongfully deprived of his office of national representative of the defendant, N. C. R. Employees' Independent Union; that such action was taken at a special meeting of the National Executive Committee of the union, because of plaintiff's belief that the union should affiliate with the IUE AFL-CIO; that the action was taken without compliance with the constitution and

bylaws of the association; and that remedial action sought by plaintiff as provided therein has been denied. The constitution and bylaws are pleaded, and plaintiff's acts, as well as defendant-appellant's acts complained of, are alleged.

The prayer is for a judgment determining that such discharge was without due process, wrongful and invalid; directing the defendant and its National Executive Committee to reinstate the plaintiff to his office and to the rights and privileges pertaining thereto; and that defendant be restrained from preventing plaintiff from exercising all his rights as such officer.

Defendant filed a "Demurrer and Motion to Dismiss" on the grounds that the court lacks jurisdiction of the subject matter, and that no cause of action is stated. The accompanying memorandum asserts: (1) that the court is without jurisdiction because of Section 402 of the Labor Management Reporting and Disclosure Act of 1959 (73 Stats. at L. 519), known as the Landrum-Griffin Act, which, it is claimed, fixed exclusive jurisdiction in the Secretary of Labor; (2) that plaintiff has not exhausted his remedies within the defendant association and provided by the National Labor Relations Act; and (3) that the National Labor Relations Board has exclusive jurisdiction of the controversy.

Attached to this pleading of the defendant is an affidavit of Harlan Sims, executive vice-president of the defendant union, stating that plaintiff was discharged at a meeting of the executive board on July 22, 1966, and that thereafter, on August 2, 1966, he, affiant, received a notification that plaintiff had filed an unfair-labor-practice charge against the defendant association with respect to the discharge; that on September 7, 1966, he received an order of the National Labor Relations Board refusing to issue a complaint and advising plaintiff that he might appeal to the General Council of the N. L. R. B., but that to the best of affiant's knowledge plaintiff has not done so; and that plaintiff has taken no steps within the defendant union to obtain a review of the executive-committee action in discharging him, "although tradition and precedent within the union have provided a forum for review and reconsideration."

The Court of Common Pleas overruled defendant's "De-

murrer and Motion to Dismiss'' and, defendant declining to plead further, entered judgment for the plaintiff.

Defendant contends that this action and judgment were erroneous because the court had no jurisdiction of the action. They make two alternative arguments: (1) that jurisdiction is vested exclusively in the National Labor Relations Board; or (2) that jurisdiction is vested exclusively in the Secretary of Labor under Section 402 of the Landrum-Griffin Act.

The earlier contention in the Court of Common Pleas that plaintiff had failed to state a cause of action has been omitted, and we believe was not well taken.

We proceed to the second argument above, that jurisdiction of the controversy is vested exclusively in the Secretary of Labor under the Labor Management Reporting and Disclosure Act of 1959, commonly known as the Landrum-Griffin Act (73 Stats. at L. 519, 29 U. S. Code, Sections 401-531).

Without federal legislation, the Court of Common Pleas would have jurisdiction, in a proper case, to protect a plaintiff's rights, provided he had already exhausted his remedies under the constitution and bylaws of the association, a condition which plaintiff appears to have met. *International Union S. O. E.* v. *Owens* (1928), 119 Ohio St. 94, 162 N. E. 386; 5 Ohio Jurisprudence 2d 440, Associations, Section 7.

Plaintiff is not claiming any rights arising under federal statutes. Therefore, the crucial issue is whether the federal statutes have deprived the state courts of jurisdiction.

Thorough search of the statutes in question reveals only this one pre-emptive provision: ''* * * The remedy provided by this sub-chapter for challenging an election already conducted shall be exclusive.'' 29 U. S. Code, 483 (Labor-Management Reporting and Disclosure Act of 1959, Section 403).

Discharge implies a valid prior election. Hence, this provision does not affect jurisdiction of a controversy over a subsequent discharge.

There are other sections of the act in question which unequivocally declare that ''except as explicitly provided to the contrary'' rights under state laws (among others) are not limited or impaired. See, for example, 29 U. S. Code, Sections 413 and 523.

We do not believe that the decisions seriously challenge our conclusion that no exclusive jurisdiction has been given to the Secretary of Labor which would prevent the Court of Common Pleas from entertaining the action.

Defendant's first alternative argument against the jurisdiction of the Court of Common Pleas is that the National Labor Relations Board has exclusive jurisdiction. This is based upon Sections 7 and 8 of the National Labor Relations Act (P. L., July 5, 1935, c. 372, Sections 7 and 8, 49 Stats. at L., 452; 29 U. S. Code, Sections 157 and 158).

The first of these sections defines the "Right of Employees as to Organization, Collective Bargaining, etc." The second is entitled "Unfair Labor Practices."

We do not find listed among unfair labor practices the acts of the defendant complained of.

Defendant has sought to support its argument by the statement contained in the affidavit attached to its motion to dismiss that plaintiff himself complained, without success, to the National Labor Relations Board that the action of defendant in discharging him constituted an unfair labor practice. According to documents attached to the affidavit, the board did not consider that defendant's conduct complained of constituted an unfair labor practice. The asserted fact that plaintiff claimed it was would not make it so.

In any event, a demurrer cannot be aided by affidavit; it simply challenges the petition, which makes no reference to the subject of unfair labor practices.

The motion to dismiss, with accompanying affidavit, cannot be substituted for an answer and evidence, and could not, in any case, support a judgment for defendants.

Upon the issue of pre-emption, this language in 31 American Jurisprudence 687, Labor, Section 360, is applicable to the various federal acts involved:

"Neither in the National Labor Relations Act nor in the Labor Management Relations Act has Congress seen fit either to declare a general policy or to state specific rules as to their effect on state regulation of various phases of labor relations over which the state traditionally has exercised control. Neither of these acts comes within the scope of the rule that exclusion

of state action may be implied from the nature of the legislation and the subject matter, although declaration of such result is wanting, since labor relations are primarily of interest to the state, are within its competence legally and practically to regulate, and are not so intimately blended and intertwined with responsibilities of the national government that its nature alone raises an inference of exclusion."

There are many cases, some of which are cited in the briefs, defining the jurisdiction of the federal courts, which jurisdiction must rest upon the federal statutes, without comment upon the jurisdiction of the state courts. This jurisdiction of the state courts existed prior to and independent of the federal statutes and persists unless expressly withdrawn.

We find no merit in either argument advanced in support of the assignment of error.

The judgment is affirmed.

*Judgment affirmed.*

KERNS and SHERER, JJ., concur.