## SOLOMON *v.* EDGEWATER YACHT CLUB, INC. ▪

(No. 86 CVF 7807 — Decided March 6, 1987.)

Cleveland Municipal Court.

*Charles J. Lally,* for plaintiff Alex Solomon.

*Michael L. Thal,* for defendant.

ADRINE, J. This matter came on for hearing on November 19, 1986, on the complaint of the plaintiff and the amended answer of the defendant.

After a full hearing on the merits, counsel for the parties waived closing argument and elected instead to submit written briefs on the legal and factual issues herein involved.

Upon due consideration, the court now issues its Findings of Fact and Conclusions of Law. Judgment is entered accordingly.

### Findings of Fact

The plaintiff is the owner of a twenty-four foot powerboat. The defendant is a not-for-profit corporation, whose principal activities are those of a yacht club, operating on the shore of Lake Erie in Cleveland, Ohio. In February 1984, the plaintiff was invited by the defendant to become a member of the yacht club.

Membership had two prerequisites. The first was submission to a personal interview. The second was the payment of a $2,000 initiation fee. The plaintiff submitted to the personal interview on February 14, 1984, and paid approximately half of the initiation fee that day. On that same day he completed an application for membership in the defendant. The testimony is in conflict as to whether the plaintiff was told, as part of the interview process, that his initiation fee would be non-refundable.

The plaintiff subsequently paid the balance of the initiation fee and was accepted for membership on April 4,

1

1984. He apparently was afforded full rights and privileges in the defendant until September 23, 1985 when, by action of its board of trustees, he was expelled.

Prior to being accepted to membership, the plaintiff was afforded a copy of the defendant's constitution and bylaws. At trial he testified that he read them and depended on them in matters concerning his rights in and with the defendant.

### Conclusions of Law

By stipulation, the parties have agreed that the only issue to be resolved by this court is whether the plaintiff, upon expulsion as a member from the defendant, is entitled to a refund of his initiation fee. The court has therefore undertaken to examine the plaintiff's theory of recovery and to match it against the defendant's disclaimer.

The plaintiff maintains that this action sounds in contract law. According to his theory, the defendant's invitation to membership was an offer which he accepted. The consideration for the contract was the $2,000 initiation fee, on the one hand, and the rights and privileges of membership, on the other. The terms of this contract are to be found, according to the plaintiff, in the defendant's constitution and bylaws, which provide not only general membership rights but also a prorata property interest in the assets of the defendant. Under this theory, the plaintiff's expulsion brought about a failure of consideration which would entitle him to rescind' the contract and recover his consideration and his prorata property interest.

The defendant agrees that a contract was formed and that the constitution and bylaws of the defendant constitute the terms of that contract. The defendant posits, however, that the plaintiff has breached the contract and is, therefore, not entitled to recover.

The court is of the opinion that both parties have misapprehended the nature of this transaction. The true nature of their relationship can be found in a now-ancient Harvard Law Review article:

"* * * the relation of the member to the association is partly shaped by the terms of the constitution and bylaws as they exist when he joins or as they are afterwards altered in accordance with provisions for their amendment, but these writings do not constitute a contract in the ordinary sense, and should not finally or rigidly determine the rights of the member and the powers of the association. Other incidents of the relation are found in the judicial requirements for a valid expulsion, and in the actual living purpose of the association over and above the exact wording of its documents. On this view, the closest analogy to the position of the member of an association is to be found in the relation between a stockholder and a corporation, or between a partner and the partnership. Such relations are much more than contracts. The law of associations not for profit thus takes its natural place beside the law of business corporations and partnerships.

"A violation of the relation does not automatically give rise to judicial relief. Judicial consideration must be given to the seriousness of the injury, on the one hand, and, on the other, to the policies which make interference with the particular association undesirable. * * *" Chafee, The Internal Affairs of Associations Not for Profit (1930), 43 Harv. L. Rev. 993, 1007-1008.

These pronouncements appear to be in accord with the thinking of the legislature of this state, which enacted the non-profit corporation law in 1955. This law provides the primary point of reference with regard to those issues

which impact organizations within its ambit.

Accordingly, this court is of the opinion that R.C. 1702.13(D) is controlling in the matter *sub judice*. That section reads:

"Unless the articles or the regulations otherwise provide, all the rights and privileges of a member in the corporation and its property shall cease on termination of his membership."

A close reading of the defendant's articles of incorporation, as well as the constitution and bylaws which serve as its regulations, does not reveal any clause which would provide a member with any right, privilege or interest in the defendant's property following termination of membership. See *Chestnut Beach Assn.* v. *May* (1933), 44 Ohio App. 217, 13 Ohio Law Abs. 711, 184 N.E. 856; Nesbitt, Removal of Voting Power From Members of Non-Profit Organizations (1967), 16 Clev.-Mar. L. Rev. 384, 385.

The plaintiff has taken the position that the defendant has tacitly established property rights in its expelled active members. He reasons that the bylaws explicitly exclude expelled associate members from any right, title or interest in the property or assets of defendant, but are silent on the same matter with regard to an expelled active member. Therefore, he concludes, silence dictates that an active member is entitled to retain a property interest. The court cannot agree.

The express language of R.C. 1702.13(D) requires that an affirmative provision be contained somewhere within the fundamental documents of a non-profit corporation if its members' interest in its assets and property is to survive the termination of their membership. It is clear that the legislature did not intend for such questions to be open to speculation or conjecture. Just as clearly, speculation and conjecture *would* be the result if the court were to adopt the position now urged upon it by the plaintiff.

As with unincorporated associations and fraternal associations, the decisions of a non-profit corporation's tribunals with respect to its internal affairs will, in the absence of mistake, fraud, collusion, or arbitrariness, be accepted as conclusive. *State, ex rel. Ohio High School Athletic Assn.,* v. *Judges* (1962), 173 Ohio St. 239, 19 O.O. 2d 52, 181 N.E. 2d 261; *International Union of Steam Operating Engineers* v. *Owens* (1928), 119 Ohio St. 94, 98-99, 162 N.E. 386, 388. In the case at bar, there has been no allegation that the termination of the plaintiff's membership in the defendant was accomplished in any other than a regular fashion. As a result, and in the absence of any provision to the contrary in the defendant's fundamental laws, the plaintiff is not entitled to any right, interest or title in any asset or property of the defendant or to the return of any portion of his initiation fee by virtue of the termination of his membership status.

### Judgment Entry

Judgment for the defendant against the plaintiff. Plaintiff to pay the costs.

*Judgment accordingly.*